UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No.: 1:19-cr-00552-GHW |
| Plaintiff, | : | |
| v. | : | **CERTIFICATION OF** |
| | : | **PAUL B. BRICKFIELD, ESQ.** |
| EDWARD SHIN, | : | **PURSUANT TO SOUTHERN** |
| | : | **DISTRICT LOCAL CRIMINAL** |
| Defendant. | : | **RULE 16.1** |

---

I, Paul B. Brickfield, Esq., hereby certify as follows:

1.     I am an attorney-at-law of the States of New York and New Jersey and counsel for Defendant Edward Shin. In such capacity, I am familiar with the facts of this matter. I am submitting this Certification in support of Mr. Shin's omnibus pretrial motions, specifically the motions for production of a bill of particulars and early production of Jencks and Giglio material pursuant to Southern District Local Criminal Rule 16.1.

**Bill of Particulars**

2.     As set forth in the accompanying Memorandum of Law, after the issuance of the original indictment, I requested a bill of particulars from the Government by letter dated August 5, 2019. Following the issuance of the superseding indictment, I requested a bill of particulars by letter dated January 27, 2020. The Government responded by letter dated February 6, 2020 with limited information. I requested additional information from the Government by

1

letters dated April 17, 2020, May 13, 2020 and May 29, 2020.

3. On June 2, 2020, I had a telephone conference with Assistant U.S. Attorney Daniel Tracer and Assistant Prosecutor Tara LaMorte to discuss issues relating to the bill of particulars, names of co-conspirators and the early production of Jencks and Giglio material.

4. Mr. Tracer and Ms. LaMorte advised that the Government would provide additional responses to my previous requests for a bill of particulars by the end of the week. On June 4, 2020, the Government did provide additional information.

5. On June 5, 2020, I responded and listed the items that I believe are still outstanding (copy attached hereto as Exhibit A). The Government has not yet responded to this letter.

### Jencks, Giglio and Names of Co-Conspirators Material

6. On our June 2, 2020 call, Mr. Tracer and Ms. LaMorte advised that the Government would provide Jencks and Giglio material and information on co-conspirators one week before trial. As set forth in our Memorandum of Law in support of our pretrial motions, I submit that given the circumstances of the case, the high volume of discovery materials and the number of loans involved, provision of these materials one week prior to trial is not sufficient. This issue remains unsolved.

7. The parties have had good faith discussions seeking to resolve all these issues and have made some progress. On behalf of Mr. Shin, I respectfully

request that the relief sought in the accompanying Memorandum of Law be granted on these issues.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                              Paul B. Brickfield, Esq.
                                              Brickfield & Donahue
                                              70 Grand Avenue, Suite 100
                                              River Edge, NJ 07661
                                              (201) 488-7707
                                              Counsel for Defendant
                                              Edward Shin

Dated:     June 8, 2020

# Exhibit A



PAUL B. BRICKFIELD *+
pbrickfield@brickdonlaw.com

JOSEPH R. DONAHUE *
jdonahue@brickdonlaw.com

of counsel

NANCY J. SCAPPATICCI
nscappaticci@brickdonlaw.com

SANDRA COIRA
scoira@brickdonlaw.com

*CERTIFIED CRIMINAL TRIAL LAWYER - NEW JERSEY
+MEMBER OF NEW YORK BAR

70 GRAND AVENUE
RIVER EDGE, NEW JERSEY 07661
TELEPHONE (201) 488-7707
FACSIMILE (201) 488-9559
www.brickdonlaw.com

NEW YORK OFFICE
PAUL B. BRICKFIELD P.C.
219 WESTCHESTER AVENUE
SUITE 200
PORT CHESTER, NY 10573
(914) 935-9705

June 5, 2020

**Via Electronic Mail Only**
Assistant U.S. Attorney Daniel Tracer
Assistant U.S. Attorney Tara LaMorte
United States Attorney's Office
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007

    Re:    **United States v. Edward Shin**
             **Case No.: 1:19-cr-00552-GHW**

Dear Mr. Tracer and Ms. LaMorte:

        As you know, I represent Edward Shin. I am in receipt of your letter of June 4, 2020. Thank you for providing the information in this letter. Nevertheless, for the reasons stated in my prior correspondence and conversations with you, we believe that additional information as set forth in our prior letters is required in order to provide fair notice to Mr. Shin and his counsel of the allegations in the superseding indictment.

        By way of example and without precluding our prior requests and arguments we believe the June 4, 2020 letter is not sufficient for the following reasons:

        1.    The column under fraudulent commissions does not indicate which of the commissions are alleged to have been unearned by James Kim and which of the commissions were "kickbacks" to Mr. Shin. In addition, we are requesting the amount of each such payment for both categories and the corresponding date for each such payment;

        2.    Under the category of "fraudulent capital injection" we are likewise requesting the specific type of injection and the approximate date; and

        3.    The column of "false loan information" encompasses almost all of the loans. For the reasons previously stated such as the large range of potentially false information in connection with the loan process (such as statements about assets, liabilities and other

1

information), we are requesting a statement of the specific information which is claimed to be false for each loan.

In addition, as stated in our letter of May 13, 2020, your list includes five loans that apparently took place during 2017 or 2018. These loans remain on the list in your June 4, 2020 letter. Please advise whether these loans are considered to be in the scope of the superseding indictment and, if so, how they are linked to the period described in the superseding indictment.

As you know, our motions to be filed this Monday, June 8, 2020 will include a motion for a bill of particulars. As discussed earlier this week, in the event we are able to continue our good faith discussions to resolve the bill of particulars motion, I would then withdraw the motion at a later date.

Very truly yours,

/s/ Paul B. Brickfield

Paul B. Brickfield