# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal Action |
| | : | |
| Plaintiff, | : | Case No.: 1:19-cr-00552-GHW |
| | : | |
| v. | : | |
| | : | |
| EDWARD SHIN, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT EDWARD SHIN'S REQUESTS TO CHARGE

## DEFENDANT EDWARD SHIN'S REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, Defendant Edward Shin respectfully requests that the Court include the following in its charge to the jury. We request leave to submit additional requests, if necessary, based on issues at the trial.

### REQUEST NO.: 1

### Introductory Remarks

Ladies and gentlemen, my duty at this point is to instruct you as to the law. I will endeavor to be as clear as possible. It is your duty to accept these instructions of law as I give them to you and to apply them to the facts as you determine them. You may not rely on any other statement of law other than that which I give you. You may not consider the wisdom of any rule of law stated by the Court. I know that you will try the issues presented to you according to the oath that you have taken as jurors in which you promised that you would well and truly try the issues in this case and render a just verdict.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole. To that end, you will all be permitted to take a copy of these instructions with you into the jury room.

You are the sole and exclusive judges of the fact issues that are in the case. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve any conflicts in the testimony; and you draw whatever

reasonable inferences you decide to draw from the facts as you have determined them.

In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Similarly, you should bear in mind that a question put to a witness is never evidence. It is only the answer that is evidence. Be mindful that it is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the Court. Nothing I may have said during the trial or may say during these instructions with respect to a matter of fact should be taken in substitution for your own independent recollection, nor should you consider anything I have said or may say as indicating that I have any opinion as to what your verdict should be.

Additionally, the fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater or less consideration than that accorded to any other party. All parties, whether the Government or individuals, stand as equals under the law.

Your verdict must be based solely upon the evidence or lack of evidence developed at trial. You are not to consider anything outside the record in this

case. For instance, you may not consider any news reports or other information that may have come from any source outside of this courtroom.

It would also be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about a defendant's or witnesses' race, religion, national origin, sex, or age. The parties in this case are entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence. Similarly, under your oath as jurors you are not to be swayed by sympathy, for once you let fear, prejudice, bias, or sympathy interfere with your thinking, there is a risk that you will not arrive at a just and true verdict.

Also, under your oath as jurors, you cannot allow a consideration of possible punishment that may be imposed upon a defendant, if convicted, to influence you in any way or in any sense to enter into your deliberations. The duty of imposing sentence, if any, is mine and mine alone. Your function is to weigh the evidence and to determine whether the defendant you are considering is or is not guilty upon the basis of evidence and the law. Therefore, I instruct you not to consider punishment or possible punishment in any way in your deliberations.[1]

---

[1] Adapted from the charge of the Honorable Naomi Reice Buchwald, U.S.D.J. in *United States v. Sean Peter, et al.,* 17-cr-054.

### REQUEST NO.: 2

### Burden of Proof, Presumption of Innocence, and Proof
### Beyond a Reasonable Doubt

The defendant in this case, Edward Shin, entered a plea of not guilty to the Indictment. The law presumes Mr. Shin to be innocent of all the charges against him. I therefore instruct you that Mr. Shin is to be presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied that the Government has proven him guilty beyond a reasonable doubt.

The burden is on the prosecution to establish the defendant's guilt beyond a reasonable doubt with respect to each element of the offenses charged. The burden of proof never shifts to a defendant in a criminal case, and the law never imposes on a defendant the obligation of doing anything in a criminal trial. Nor does the law impose on a defendant the burden or duty of calling any witness or producing any evidence. The presumption of innocence alone is sufficient to require an acquittal of a defendant unless and until, after careful and impartial consideration of all the evidence you, as jurors, unanimously are convinced of that defendant's guilt beyond a reasonable doubt.

The question that naturally comes up is -- what is a reasonable doubt? The words almost define themselves. It is a doubt founded in reason and arising out of the evidence in the case, or the lack of evidence. It is doubt that a reasonable person has after carefully weighing all the evidence. Proof beyond a reasonable doubt must therefore be proof of such a convincing character that a

reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

The law does not require that the Government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. Reasonable doubt is a doubt that appeals to your reason, your judgment, your experience, your common sense. It is not caprice, whim, or speculation. It is not an excuse to avoid the performance of an unpleasant duty. It is not sympathy for the defendant.

If, after a fair, impartial, and careful consideration of all the evidence, you can candidly and honestly say that you are not satisfied of the guilt of the defendant, that is, if you have such a doubt as would cause you, as a prudent person, to hesitate before acting in matters of importance to yourself, then you have a reasonable doubt, and in that circumstance, it is your duty to acquit.

On the other hand, if after a fair, impartial, and careful consideration of all the evidence, you can candidly and honestly say that you are satisfied of the guilt of the defendant and you do not have a doubt that would prevent you from acting in important matters in the personal affairs of your own life, then you have no reasonable doubt, and under such circumstances you should convict. [2]

---

[2] Adapted from the charge of the Honorable Naomi Reice Buchwald, U.S.D.J. in *United States v. Sean Peter, et al.,* 17-cr-054.

## REQUEST NO.: 3

### Evidence Generally

The evidence before you consists of the answers given by witnesses -- the testimony they gave, as you recall it -- the exhibits that were received in evidence, and the stipulations entered into by the parties. All issues as to the admissibility of evidence have been decided by me as a matter of law. You may not consider any answer that I directed you to disregard or that I directed be struck from the record. [3]

---

[3] Adapted from the charge of the Honorable Naomi Reice Buchwald, U.S.D.J. *in United States v. Sean Peter, et al.,* 17-cr-054.

## REQUEST NO.: 4

### Stipulations of Fact

A word about stipulations.  In this case, you have heard evidence in the form of stipulations that contain facts that were agreed to be true.  You must accept those facts as true.

### Stipulations of Testimony (if applicable)

You have also heard evidence in the form of stipulations of testimony. A stipulation of testimony is an agreement between the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  However, it is for you to determine the effect to be given that testimony. [4]

---

[4] Adapted from the charge of the Honorable Naomi Reice Buchwald, U.S.D.J. in *United States v. Sean Peter, et al.*, 17-cr-054.

## REQUEST NO.: 5

### Direct and Circumstantial Evidence

There are two types of evidence that you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something that he or she knows by virtue of his or her own senses -- something he or she has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence that is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella that was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining. That is all that there is to circumstantial evidence. You infer on the

basis of reason, experience, and common sense from one established fact the existence of some other fact.

Circumstantial evidence is of no less value than direct evidence. As a general rule, the law makes no distinction between direct and circumstantial evidence, and you may consider both in reaching your conclusion as to whether the Government has proven its case against the defendant you are considering beyond a reasonable doubt.

Many material facts -- such as state of mind -- are rarely susceptible to proof by direct evidence. Usually such facts are established by circumstantial evidence and the reasonable inferences that you draw. [5]

---

[5] Adapted from the charge of the Honorable Naomi Reice Buchwald, U.S.D.J. in *United States v. Sean Peter, et al.*, 17-cr-054.

REQUEST NO.: 6

## Inferences

During the trial you may have heard the attorneys use the term "inference," and in their arguments they have asked you to infer by using your reason, experience, and common sense, the existence of some fact from one or more established facts. An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists. There are times when different inferences may be drawn from the facts, whether proved by direct or circumstantial evidence. Let's say you go into the subway and you are surprised to find a large crowd of people waiting on the platform. What could be the reasons for a crowded subway platform? A train could have gone out of service, or there could have been a concert nearby that just let out, or simply delays between trains. In this example, different inferences can be drawn from the fact of the crowded subway platform.

The Government asks you to draw one set of inferences while the defense asks you to draw another. Whether or not to draw a particular inference is, of course, a matter exclusively for you to determine, as are all determinations of fact.

In drawing inferences, you should exercise your common sense. So, while you are considering the evidence presented to you, you are permitted to draw from the facts you find to be proven, such reasonable inferences as would be

justified in light of your experience. Here again, though, let me remind you that whether based upon direct or circumstantial evidence, or upon the reasonable and logical conclusions to be drawn from such evidence, you must be satisfied of the guilt of the defendant you are considering beyond a reasonable doubt before you may convict.[6]

---

[6] Adapted from the charge of the Honorable Naomi Reice Buchwald, U.S.D.J. in *United States v. Sean Peter, et al.*, 17-cr-054.

## REQUEST NO.: 7

### Witnesses and Credibility

You have had an opportunity to observe all of the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

Your decision of whether or not to believe a witness may depend on how that witness impressed you.  Was the witness candid, frank, and forthright?  Or did the witness seem as if he or she was hiding something, being evasive or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness consistent in his or her testimony, or did he or she contradict himself or herself?  Did the witness appear to know what he or she was talking about, and did the witness strike you as someone who was trying to report his or her knowledge accurately?

How much you choose to believe a witness may be influenced by the witness's bias.  Does the witness have a relationship with the Government or the defendant that may affect how he or she testified?  Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth; or does the witness have some bias, prejudice, or hostility that may have caused the witness -- consciously or not -- to give you something other than a completely accurate account of the facts testified to?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about. Also ask yourselves whether the witness's recollection of the facts stands up in light of all other evidence.

A witness may be inaccurate, contradictory, or even untruthful in some respects and yet entirely credible in the essence of his or her testimony. It is for you to say whether his or her testimony in this trial is truthful or not in whole or in part, in light of his or her demeanor, statements, and all of the evidence. [7]

---

[7] Adapted from the charge of the Honorable Naomi Reice Buchwald, U.S.D.J. in *United States v. Sean Peter, et al.*, 17-cr-054.

## REQUEST NO.: 8

### Credibility of Witnesses - Inconsistent Statement

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court.  The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during the trial.  It is your duty to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

## REQUEST NO.: 9

## <u>Use of Informants [If Applicable]</u>

There has been testimony before you about the use of informants. Informants are frequently used by the Government to obtain leads and to gain introduction to people suspected of violating the law. There are certain types of crimes where, without the use of informants, detection would be extremely difficult. Because this law enforcement technique is entirely lawful, your personal view on its use — whether you approve or disapprove — is beside the point and must not affect your evaluation of the evidence in the case.

Let me put it another way. If you are satisfied beyond a reasonable doubt that a defendant committed the charged offense that you are considering, you should find him guilty even though you believe that his apprehension came about in some measure by the Government's use of informants.[8]

---

[8] Adapted from the charge of the Honorable John F. Keenan in *United States* v. *Carrero*, 91 Cr. 365 (JFK) (S.D.N.Y. 1991), and from Sand et al., *Modern Federal Jury Instructions*, Instr. 5-23.

## REQUEST NO.: 10

### Testimony by Law Enforcement Witnesses

You have heard the testimony of law enforcement officers.  The fact that a witness may be employed as a law enforcement officer does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.  It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves. [9]

---

[9] Adapted from the charge of the Honorable Naomi Reice Buchwald, U.S.D.J. in *United States v. Sean Peter, et al.*, 17-cr-054.

## REQUEST NO.: 11

### Immunity of Government Witnesses

You have heard the testimony of witnesses who have testified under a grant of immunity from this Court.  This means that the testimony of the witness may not be used against him or her in any criminal case, except in a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity Order of this Court.

You are instructed that the Government is entitled to call, as a witness, a person who has been granted immunity by Order of this Court.  You may convict a defendant on the basis of such a witness's testimony alone, if you find that the testimony proves the defendant you are considering guilty beyond a reasonable doubt.

However, the testimony of a witness who has been granted immunity by the Court should be examined by you with great care.  You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendants in order to further the witness's own interests.  If you believe it to be true, and determine to accept the testimony, you may give it such weight, if any, as you believe it deserves. [10]

---

[10] Adapted from the charge of the Honorable Naomi Reice Buchwald, U.S.D.J. in *United States v. Sean Peter, et al.*, 17-cr-054.

## REQUEST NO.: 12

### <u>Testimony of Cooperating Government Witnesses</u>

You heard the testimony of _____. This witness testified

that he was actually involved in planning and carrying out the conduct charged

in the Indictment. This witness pled guilty to charges arising out of the same

facts as this case and is now a cooperating witness for the Government. You are

instructed that you are to draw no conclusions or inferences of any kind about

the guilt of the defendant from the fact that this Government witness pled guilty

to similar charges. This witness' decision to plead guilty was a personal decision

about his own guilt. It may not be used by you in any way as evidence

unfavorable to the defendant. Arguments have been made concerning these

witness' reasons for testifying in this case, and whether or not you should believe

him. The Government argues, as it is permitted to do, that it must take the

witnesses as it finds them. It argues that only people who themselves take part in

criminal activity have the knowledge required to show criminal behavior by

others. For those very reasons, the law allows the use of such testimony. Indeed,

it is the law in federal courts that the testimony of such a witness may be enough

in itself for conviction, if the jury finds that the testimony establishes guilt

beyond a reasonable doubt.

However, it is also the case that testimony of cooperating witnesses is of

such nature that it must be scrutinized with great care and viewed with

particular caution when you decide how much of that testimony to believe. I

have given you some general considerations on credibility and will not repeat them all here. Nor will I repeat all of the arguments made on both sides on this issue. However, a witness who has entered into a cooperation agreement has an interest in this case different from that of any ordinary witness. With that in mind, let me say a few things that you may want to consider during your deliberations on the subject of the cooperating witness.

This witness testified in this case pursuant to a Plea and Cooperation Agreement with the Government. As part of the Plea and Cooperation Agreement, he may receive a shorter sentence by giving testimony favorable to the prosecution in this case. A witness who realizes that he might be able to obtain his freedom, or receive a lighter sentence, by giving testimony favorable to the prosecution, has a motive to testify falsely. Therefore, you must examine such testimony with caution and weigh it carefully.

This witness pled guilty to felony charges and have been convicted of felonies. A prior conviction of a felony is one of the circumstances which you may consider in determining the credibility of the witness. You may decide to accept all, none, or part of such a witness's testimony as true, and you may give it whatever weight, if any, you find it deserves.

In evaluating the credibility of such testimony, you should ask yourselves whether the cooperating witness would benefit more by lying, or by telling the truth. Was his testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely? Or did he

believe that his interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one which would cause him to lie, or was it one which would cause the witness to tell the truth? Did this motivation color the witness's testimony? In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you will want to give to the testimony of the cooperating witnesses in this case.[11]

---

[11] Adapted from the charge of the Honorable David N. Hurd, U.S.D.J., Northern District of New York, in *United States v. Certified Environmental Services, Inc.*, 5:09-cr-319.

## REQUEST NO.: 13

### Expert Testimony (if applicable)

You have heard testimony from what we call expert witnesses.  This is a witness who by education or experience has acquired learning or experience in a science or a specialized area of knowledge.  Such a witness is permitted to give his opinions as to relevant matters in which he professes to be expert and give his reasons for his opinions.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to an expert as well as to other witnesses.  In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept opinion testimony merely because I allowed a witness to testify concerning his opinion.  Nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you. [12]

---

[12] Adapted from the charge of the Honorable Naomi Reice Buchwald, U.S.D.J. in United States v. Sean Peter, et al., 17-cr-054.

## REQUEST NO.: 14

### Preparation of Witnesses

You have also heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight that you give to the fact or the nature of the witness's preparation for his or her testimony and what inference you draw from such preparation are matters completely within your discretion. [13]

---

[13] Adapted from the charge of the Honorable Naomi Reice Buchwald, U.S.D.J. in *United States v. Sean Peter, et al.*, 17-cr-054.

REQUEST NO.: 15

### Defendant's Right Not to Testify (if applicable)

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or present any evidence, because it is the prosecution's burden to prove the defendant guilty beyond a reasonable doubt.

As I stated earlier, the burden remains with the prosecution throughout the entire trial, and never shifts to a defendant.  A defendant is never required to prove that he is innocent.  The right of a defendant not to testify is an important part of our Constitution.

It is for that reason that you may not attach any significance to the fact that the defendant did not testify.  No adverse inference may be drawn against a defendant because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations. [14]

---

[14] Adapted from the charge of the Honorable Naomi Reice Buchwald, U.S.D.J. in *United States v. Sean Peter, et al.*, 17-cr-054.

## REQUEST NO.: 16

### Defendant's Testimony
### [Requested only if the defendant testifies]

The defendant testified at trial and was subject to cross-examination. You should examine and evaluate this testimony just as you would the testimony of any witness with an interest in the outcome of the case.

## REQUEST NO.: 17

### Persons Not on Trial

Further, you are not being asked whether any person other than the defendant here on trial has been proven guilty.  In that vein, you may not draw any inference, favorable or unfavorable, towards the Government or the defendant, from the fact that certain persons are not named in the Indictment or are not present at this trial.  In addition, you may not speculate as to why other persons are not on trial before you now. [15]

---

[15] Adapted from the charge of the Honorable Naomi Reice Buchwald, U.S.D.J. in *United States v. Sean Peter, et al.*, 17-cr-054.

## REQUEST NO.: 18

### The Indictment

The defendant Edward Shin has been formally charged in what is called an Indictment. An Indictment is simply an accusation. It is no more than the means by which a criminal case is started. It is not evidence. It is not proof of the defendant's guilt. It creates no presumption, and it permits no inference that a particular defendant is guilty. You are to give no weight to the fact that an Indictment has been returned against the defendant.

Before you begin your deliberations, you will be provided with a copy of the Indictment. I will not read the entire Indictment to you at this time. Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of the charged offenses.

## REQUEST NO.: 19

## Summary of Indictment

The defendant is formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment is a charge or accusation. It is not evidence. The Indictment in this case contains five counts. Generally speaking, Mr. Shin is alleged to have agreed with others to accept kickbacks in return for approval of bank loans, to have hidden personal  interest in the recipients of several of the loans, to cause improper equity injections into several of the loan applications and to cause false statements or reports to be made in connection with the loan applications to the Small Business Administration and/or Noah Bank.

REQUEST NO.: 20

### Count One: Conspiracy to Commit Bank Fraud and
### Wire Fraud Affecting a Financial Institution

The defendant is accused in Count One of conspiring to commit bank fraud and wire fraud affecting a financial institution.

Count One reads as follows:

[The Court is respectfully requested to read Count One of the Indictment to the jury.]

REQUEST NO.: 21

**Count One: Elements of the Offense**

To sustain its burden of proof with respect to the conspiracy, the Government must establish beyond a reasonable doubt the following elements:

First, the existence of the conspiracy charged in Count One of the Indictment; in other words, that there was, in fact, an agreement or understanding to violate those provisions of the law that make it illegal to commit bank fraud and wire fraud affecting a financial institution.

Second, the Government must prove beyond a reasonable doubt that the defendant knowingly became a member of the conspiracy charged; that is, that he knowingly associated himself with the conspiracy, and participated in the conspiracy to commit bank fraud and wire fraud affecting a financial institution.

REQUEST NO.: 22

## Count One: Existence of the Conspiracy (First Element)

Starting with the first element, a conspiracy is a combination or agreement or understanding of two or more people to accomplish by concerted or collective action a criminal or unlawful purpose. In this instance, the unlawful purpose alleged to have been the object of the conspiracy charged in Count One is to commit bank fraud and wire fraud affecting a financial institution.

The gist, or the essence, of the crime of conspiracy is the unlawful agreement to violate the law. The success of the conspiracy, or the actual commission of the criminal act which is the object of the conspiracy, is not an element of the crime of conspiracy.

To prove a conspiracy, the Government is not required to show that individuals sat around a table and entered into a solemn pact, orally or in writing, stating that they have formed a conspiracy to violate the law and setting forth details of the plans and the means by which the unlawful project is to be carried out or the part to be played by each conspirator.

To show that a conspiracy existed then, it is sufficient if the evidence shows that two or more persons in some way or manner through any contrivance, explicitly or implicitly, came to an understanding to violate the law and to establish an unlawful plan. Express language or specific words are not required to indicate assent or attachment to a conspiracy.

In determining whether there has been an unlawful agreement, you may consider the acts and conduct of the alleged co-conspirators that were done to carry out the apparent criminal purpose.

In deciding whether the alleged conspiracy in fact existed, you may consider all the evidence of the acts, conduct, and declarations of the alleged conspirators and the reasonable inferences to be drawn from such evidence.

It is sufficient to establish the existence of the conspiracy if, after considering all of the relevant evidence, you find beyond a reasonable doubt that there was an implicit or explicit understanding or agreement between two or more people to work together in furtherance of the unlawful scheme alleged in the Count One of the Indictment.

## Object of the Conspiracy

The object of a conspiracy is the illegal goal the co-conspirators agree or hope to achieve. Count One of the Indictment charges that the objectives of the conspiracy were to commit bank fraud and wire fraud affecting a financial institution. I will define the terms "bank fraud" and "wire fraud" for you in a moment.

### REQUEST NO.: 23

### Count One: Membership in the Conspiracy (Second Element)

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count One existed, you must next determine the second question, which is whether the defendant participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objectives.

#### "Unlawfully," "Intentionally," "Knowingly," and "Willfully"

The terms "unlawfully," "intentionally," "knowingly," and "willful," are intended to ensure that, if you find that the defendant did join the conspiracy, you also conclude beyond a reasonable doubt that, in doing so, he knew what he was doing; in other words, that he took the actions in question deliberately and voluntarily.

"Unlawfully" simply means contrary to law. The defendant must have been aware of the generally unlawful nature of his acts. It is for you to determine whether the Government has established to your satisfaction, beyond a reasonable doubt, that such knowledge and intent on the part of the defendant existed.

An act is done "knowingly" and "intentionally" if it is done deliberately and purposely; that is, a defendant's acts must have been the product of that defendant's conscious objective, rather than the product of a mistake or accident, or mere negligence, or some other innocent reason.

32

A "willful act" is one undertaken with a "bad purpose" such that in order to establish a "willful" violation of a statute, the Government must prove that the defendant acted with knowledge that his conduct was unlawful.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

By pleading not guilty, the defendant denies membership in any conspiracy. It is for you to determine whether the Government has established to your satisfaction and beyond a reasonable doubt that such knowledge and intent on the part of the defendant existed.

To have guilty knowledge, the defendant need not have known the full extent of the conspiracy or all of its activities or all of its participants. It is not even necessary that the defendant know every other member of the conspiracy. In fact, a defendant may know only one other member of the conspiracy and still be a co-conspirator.

I want to caution you, however, that the defendant's mere presence at the scene of the alleged crime does not, by itself, makes him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically makes the defendant a member. A person may know, or be friendly with, a criminal, without being a criminal himself.

Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is necessary is that the defendant must have participated with knowledge of the purpose or objective of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

The offense charged in Count One of the Indictment requires proof that Edward Shin acted "willfully," and with the "intent to defraud," and/or "intentionally or knowingly making false statements". If you find that Edward Shin acted in "good faith," that would be a complete defense to this charge, because good faith on the part of Edward Shin would be inconsistent with his acting with the required mental state.

A person acts in "good faith" when he has an honestly held belief, opinion, or understanding that his actions and conduct were unlawful, even though the belief, opinion, or understanding turns out to be inaccurate or incorrect. Thus, in this case if Edward Shin made an honest mistake or had an honest misunderstanding about the lawfulness of his action then he did not act with the required mental state.

34

Edward Shin did not act in "good faith," however, if, even though he honestly held a certain opinion or belief or understanding, he also knowingly made false statements, representations, or promises to others.

Edward Shin does not have the burden of proving "good faith." Good faith is a defense because it is inconsistent with the requirement of the offense charged, that Edward Shin acted with the required mental state. As I have told you, it is the government's burden to prove beyond a reasonable doubt each element of the offense, including the mental state element. In deciding whether the government proved that Edward Shin acted with the required mental state or, instead, whether Edward Shin acted in good faith, you should consider all of the evidence presented in the case that may bear on Edward Shin's state of mind. If you find from the evidence that Edward Shin acted in good faith, as I have defined it, or if you find for any other reason that the government has not proved beyond a reasonable doubt that Edward Shin acted with the required mental state, you must find Edward Shin not guilty of the offense of the Indictment.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering the illegal undertaking. He thereby becomes a knowing and willing participant in the unlawful agreement--that is to say, a conspirator.[16]

---

[16] Adapted from the charge of the Honorable Ronnie Abrams, U.S.D.J. in *United States v. Hunter*, 13-cr-521 (2018); See also *United States v. Crystal Grote and Timothy Muir*, et al., 2d. Cir. June 2, 2020 at page 18, footnote 2 for the definition of willful. Good Faith Defense definition adapted from the Model Criminal Jury

REQUEST NO.: 24

## Count One: Elements of Bank Fraud (18 U.S.C. § 1344)

As I noted above, one of the alleged objects of the alleged conspiracy of Count One was bank fraud.

In order to find the defendant guilty of conspiracy to commit bank fraud you must find that the Government proved that the conspiracy involved the following object, bank fraud, which has the following three elements beyond a reasonable doubt:

First: That Mr. Shin knowingly conspired to execute a scheme or artifice to defraud Noah Bank or knowingly execute a scheme to obtain the money, funds or other property owned by or under the control of Noah Bank by means of material false or fraudulent pretenses, representations or promises as detailed in Count One of the Indictment;

Second: That Mr. Shin did so with the intent to defraud Noah Bank; and

Third: That Noah Bank was then insured by the Federal Deposit Insurance Corporation. [17]

---

Instructions of the United States Court of Appeals for the Third Circuit, Revised January 2018.

[17] Adapted from the Model Criminal Jury Instructions of the United States Court of Appeals for the Third Circuit, Revised January 2018.

REQUEST NO.: 25

## Count One: Bank Fraud - "Scheme to Defraud or to Obtain Money or Property" Defined

The first element that the Government must prove beyond a reasonable doubt is that Edward Shin conspired to knowingly devised or willfully participated in a scheme to defraud Noah Bank of money or property by materially false or fraudulent pretenses, representations or promises.

A "scheme" is merely a plan for accomplishing an object.

"Fraud" is a general term which embraces all the various means by which one person can gain an advantage over another by false representations, suppression of the truth, or deliberate disregard for the truth.

Thus, a "scheme to defraud" is any plan, device, or course of action to deprive another of money or property by means of false or fraudulent pretenses, representations or promises reasonably calculated to deceive persons of average prudence. In this case, the Indictment alleges that the scheme to defraud was carried out by making false or fraudulent statements and representations. The representations which the Government charges were made as part of the scheme to defraud are set forth in the Indictment (which I have already read to you). The Government is not required to prove every misrepresentation charged in the Indictment. It is sufficient if the Government proves beyond a reasonable doubt that one or more of the alleged material misrepresentations were made in furtherance of the alleged scheme to defraud. However, you cannot convict the

defendant unless all of you agree as to at least one of the material misrepresentations.

A statement, representation, claim or document is false if it is untrue when made and if the person making the statement, representation, claim or document or causing it to be made knew it was untrue at the time it was made.

A representation or statement is fraudulent if it was falsely made with the intention to deceive.

In addition, deceitful statements of half-truths or the concealment of material facts or the expression of an opinion not honestly entertained may constitute false or fraudulent statements.  The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance.

The deception need not be premised upon spoken or written words alone. If there is deception, the manner in which it is accomplished is immaterial.

The false or fraudulent representation or failure to disclose must relate to a material fact or matter.  A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision.

This means that if you find that a particular statement of fact was false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision.  The same principle applies to fraudulent half-truths or omissions of material facts.

In order to establish a scheme to defraud, the Government must also prove that the alleged scheme contemplated depriving another of money or property.

However, the Government is not required to prove that Mr. Shin himself originated the scheme to defraud.  Furthermore, it is not necessary that the Government prove that Mr. Shin actually realized any gain from the scheme or that intended victim actually suffered any loss. In this case, it so happens that the Government does contend that the proof establishes the bank was defrauded and that Mr. Shin profited.  Although whether or not the scheme actually succeeded is really not the question, you may consider whether it succeeded in determining whether the scheme existed.

If you find that the Government has proved beyond a reasonable doubt that the scheme to defraud charged in Count One of the Indictment did exist and that the defendant knowingly devised or participated in the scheme charged in the Indictment, you should then consider the second element.[18]

---

[18] Adapted from the Model Criminal Jury Instructions of the United States Court of Appeals for the Third Circuit, Revised January 2018.

REQUEST NO.: 26

## Count One: Bank Fraud – "Intent to Defraud" Defined for Prosecutions Under Section 1344(1)

The second element that the Government must prove beyond a reasonable doubt is that Edward Shin acted with the intent to defraud Noah Bank.

To act with an "intent to defraud" means to act knowingly and with the intention or the purpose to deceive or to cheat.

In considering whether Edward Shin acted with an intent to defraud, you may consider, among other things, whether Edward Shin acted with a desire or purpose to bring about some gain or benefit to himself or someone else at the expense of Noah Bank or with a desire or purpose to cause some loss to Noah Bank.[19]

---

[19] Adapted from the Model Criminal Jury Instructions of the United States Court of Appeals for the Third Circuit, Revised January 2018.

REQUEST NO.: 27

### Count One: Bank Fraud - Unanimity Required

Count One of the Indictment, charging Mr. Shin with conspiracy to commit bank fraud, alleges a number of separate schemes or plans to defraud and schemes or plans to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

The Government is not required to prove all of the schemes or plans to defraud or all of the schemes or plans to obtain money or property by means of false or fraudulent pretenses, representations or promises and all of the false or fraudulent pretenses, representations, or promises that are alleged.

However, each of you must agree with each of the other jurors that the same scheme or plan to defraud and scheme or plan to obtain money or property by means of false or fraudulent pretenses, representations, or promises alleged in Count One was, in fact, employed by Mr. Shin. The jury need not unanimously agree on each scheme or plan, but, in order to convict, must unanimously agree upon at least one such scheme or plan as a scheme or plan that was knowingly used by the defendant.

Unless each of you agrees that the Government has proven the same scheme or plan to defraud or scheme or plan to obtain money or property by means of false or fraudulent pretenses, representations, or promises beyond a

reasonable doubt, you must find the defendant not guilty of conspiracy to

commit the bank fraud charged in Count One of the Indictment.[20]

---

[20] Adapted from the Model Criminal Jury Instructions of the United States Court
of Appeals for the Third Circuit, Revised January 2018.

REQUEST NO.: 28

## Count One: Wire Fraud - Elements of the Offense (18 U.S.C. § 1343)

Count One of the Indictment also charges the defendant Edward Shin with conspiracy to commit wire fraud affecting a financial institution, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the Government proved the conspiracy included each of the following three elements beyond a reasonable doubt:

First: That Edward Shin knowingly devised a scheme to defraud or to obtain money or property of a financial institution by materially false or fraudulent pretenses, representations or promises or willfully participated in such a scheme with knowledge of its fraudulent nature;

Second: That Edward Shin acted with the intent to defraud; and

Third: That in advancing, furthering, or carrying out the scheme, Edward Shin  transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.[21]

I have already defined for you the first element of this offense in my discussion of bank fraud.

---

[21] Adapted from the Model Criminal Jury Instructions of the United States Court of Appeals for the Third Circuit, Revised January 2018.

REQUEST NO.: 29

## Count One: Wire Fraud – "Intent to Defraud" Defined

The second element that the Government must prove beyond a reasonable doubt is that Edward Shin acted with the specific intent to defraud.

To act with an "intent to defraud" means to act knowingly and with the intention or the purpose to deceive or to cheat.

In considering whether Edward Shin acted with an intent to defraud, you may consider, among other things, whether Edward Shin acted with a desire or purpose to bring about some gain or benefit to himself or someone else or with a desire or purpose to cause some loss to someone.[22]

---

[22] Adapted from the Model Criminal Jury Instructions of the United States Court of Appeals for the Third Circuit, Revised January 2018.

REQUEST NO.: 30

## Count One: Wire Fraud – "Transmits by means of wire, radio or television communication in interstate commerce"- Defined

The third element that the Government must prove beyond a reasonable doubt is that in advancing, furthering, or carrying out the scheme, Edward Shin transmitted a writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of a writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

The phrase "transmits by means of wire, radio, or television communication in interstate commerce" means to send from one state to another by means of telephone or telegraph lines or by means of radio or television. The phrase includes a telephone conversation by a person in one state with a person in another state, or electronic signals sent from one state to another, such as by fax or financial wire. The use of the Internet to send a message, such as an e-mail, or to communicate with a web site may constitute a wire transmission in interstate commerce.

The Government is not required to prove that Edward Shin actually used a wire communication in interstate commerce or that Edward Shin even intended that anything be transmitted in interstate commerce by means of a wire, radio, or television communication to further, or to advance, or to carry out

the scheme or plan to defraud or scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises.

However, the Government must prove beyond a reasonable doubt that a transmission by a wire, radio, or television communication facility in interstate commerce was, in fact, used in some manner to further, or to advance, or to carry out the scheme to defraud.  The Government must also prove either that Edward Shin used wire, radio, or television communication in interstate commerce, or that Edward Shin knew the use of the wire, radio, or television communication in interstate commerce would follow in the ordinary course of business or events, or that Edward Shin should reasonably have anticipated that wire, radio, or television communication in interstate commerce would be used.

It is not necessary that the information transmitted by means of wire, radio, or television communication in interstate commerce itself was false or fraudulent or contained any false or fraudulent pretense, representation, or promise, or contained any request for money or thing of value.

However, the Government must prove beyond a reasonable doubt that the use of the wire, radio, or television communication in interstate commerce furthered, or advanced, or carried out, in some way, the scheme.[23]

---

[23] Adapted from the Model Criminal Jury Instructions of the United States Court of Appeals for the Third Circuit, Revised January 2018.

REQUEST NO.: 31

**Count One: Wire Fraud – Unanimity Required**

Count One of the Indictment, charging Mr. Shin with conspiracy to commit wire fraud affecting a financial institution, alleges a number of separate schemes or plans to defraud and schemes or plans to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

The Government is not required to prove all of the schemes or plans to defraud or all of the schemes or plans to obtain money or property by means of false or fraudulent pretenses, representations or promises and all of the false or fraudulent pretenses, representations, or promises that are alleged.

However, each of you must agree with each of the other jurors that the same scheme or plan to defraud and scheme or plan to obtain money or property by means of false or fraudulent pretenses, representations, or promises alleged in Count One was, in fact, employed by Mr. Shin. The jury need not unanimously agree on each scheme or plan, but, in order to convict, must unanimously agree upon at least one such scheme or plan as a scheme or plan that was knowingly used by the defendant.

Unless each of you agrees that the Government has proven the same scheme or plan to defraud or scheme or plan to obtain money or property by means of false or fraudulent pretenses, representations, or promises beyond a

reasonable doubt, you must find the defendant not guilty of conspiracy to commit the wire fraud charged in Count One of the Indictment.[24]

Likewise, you must find as part of wire fraud a transmission by a wire, radio or television communications facility in interstate commerce and that such transmission was in fact used in some manner to further, or to advance, or to carry out the scheme to defraud. This finding must likewise be unanimous on at least one such transmission. If you do not all agree to at least one transmission beyond a reasonable doubt, you must find the defendant not guilty of conspiracy to commit the wire fraud charged in Count One of the Indictment.

---

[24] Adapted from the Model Criminal Jury Instructions of the United States Court of Appeals for the Third Circuit, Revised January 2018.

REQUEST NO.: 32

Multiple-Object Conspiracies

Count One of the Indictment charges a conspiracy to commit bank fraud and a conspiracy to commit wire fraud affecting a financial institution. I instruct you that the Government need not prove both objects charged beyond a reasonable doubt.  Rather, an agreement to accomplish either one of the objects of the alleged conspiracy -- bank fraud or wire fraud -- is sufficient.  However, you must be unanimous as to the object you do find.  That is, you must all be in agreement with respect to at least one of the alleged objects of the conspiracy charged in Count One.[25]

---

[25] Adapted from the charge of the Honorable Naomi Reice Buchwald, U.S.D.J. in *United States v. Sean Peter, et al.*, 17-cr-054.

REQUEST NO.: 33

## Count Two: Conspiracy to Commit Bank Bribery

The defendant is accused in Count Two of conspiracy to commit bank bribery.

Count Two reads as follows:

[The Court is respectfully requested to read Count Two of the Indictment to the jury.]

## REQUEST NO.: 34

### Count Two: Elements of a Conspiracy

I have already defined for you the elements of a conspiracy. Those definitions apply to this Count also as to whether a conspiracy exists except that the alleged object or purpose of this conspiracy was to commit bank bribery. Likewise, the definitions of "unlawfully," "intentionally," "knowingly," and "willful" that I instructed you on in Count One also apply here.

In addition to those elements, there is a third element that the Government must prove for the conspiracy alleged in Count Two and that is called overt acts.

With regard to this third element of conspiracy – overt acts – the Government must prove beyond a reasonable doubt that during the existence of the conspiracy at least one member of the conspiracy performed at least one of the overt acts described in Count Two of the Indictment, for the purpose of furthering or helping to achieve the objective of the conspiracy.

Count Two of the Indictment alleges certain overt acts. The Government does not have to prove that all of these acts were committed or that any of these acts were themselves illegal. Also, the Government does not have to prove that Mr. Shin personally committed any of the overt acts. The Government must prove beyond a reasonable doubt that at least one member of the conspiracy committed at least one of the overt acts alleged in the Indictment and committed it during the time that the conspiracy existed, for the purpose of furthering or

helping to achieve the objective of the conspiracy. You must unanimously agree

on the specific overt act that was committed.[26]

---

[26] Adapted from the Model Criminal Jury Instructions of the United States Court
of Appeals for the Third Circuit, Revised January 2018.

REQUEST NO.: 35

## Count Two: Elements of Bank Bribery (18 U.S.C. § 215(a)(2))

Count Two charges a conspiracy to commit bank bribery. I will now define for you the elements of bank bribery.

For you to find the defendant guilty, the Government must prove each of the following beyond a reasonable doubt:

First, that the defendant was an officer, director, employee, agent, or attorney of a financial institution;

Second, that the defendant asked for or demanded for the benefit of any person, or accepted or agreed to accept, anything which exceeded $1,000.00 in value; and

Third, that the defendant did so corruptly and intending to be influenced or rewarded in connection with any business or transaction of the financial institution.

An act is done "corruptly" if is done with the intent to receive a specific benefit in return for the payment.

"Financial institution" means an insured depository institution (as defined in section 3(c)(2) of the Federal Deposit Insurance Act).[27]

---

[27] Adapted from the Pattern Jury Instructions for Federal Criminal Cases for the District of South Carolina, 2020 Online Edition.

## REQUEST NO.: 36

### Count Two: Bank Bribery - Unanimity Required

Count Two of the Indictment charges Mr. Shin with conspiracy to commit bank bribery and alleges that he solicited or demanded things of value exceeding $1,000.00.

The Government is not required to prove all of the things of value.

However, each of you must agree with each of the other jurors that the same thing of value was solicited or demanded by Mr. Shin. The jury need not unanimously agree on each thing of value, but in order to convict, must unanimously upon at least one such thing of value exceeding $1,000.00.

Unless each of you agrees that the Government has proven the same thing of value exceeding $1,000.00 beyond a reasonable doubt, you must find the defendant not guilty of conspiracy to commit the bank bribery charged in Count Two of the Indictment.[28]

---

[28] Adapted from the Model Criminal Jury Instructions of the United States Court of Appeals for the Third Circuit, Revised January 2018.

## REQUEST NO.: 37

### Count Three: Bank Bribery - Solicitation and Acceptance

The defendant is accused in Count Three of committing bank bribery by solicitation and acceptance of things of value.

Count Three reads as follows:

[The Court is respectfully requested to read Count Three of the Indictment to the jury.]

REQUEST NO.: 38

## Count Three: Bank Bribery - Solicitation and Acceptance

I have already described the elements of bank bribery to you in connection with Count Two. However, Count Two alleges a conspiracy to commit bank bribery.

Count Three alleges actual solicitation and acceptance of things of value. The elements of bank bribery are as follows:

For you to find the defendant guilty, the Government must prove each of the following beyond a reasonable doubt:

First, that the defendant was an officer, director, employee, agent, or attorney of a financial institution;

Second, that the defendant asked for or demanded for the benefit of any person, or accepted or agreed to accept, anything which exceeded $1,000.00 in value; and

Third, that the defendant did so corruptly and intending to be influenced or rewarded in connection with any business or transaction of the financial institution.

An act is done "corruptly" if is done with the intent to receive a specific benefit in return for the payment.

"Financial institution" means an insured depository institution (as defined in section 3(c)(2) of the Federal Deposit Insurance Act).[29]

---

[29] Adapted from the Pattern Jury Instructions for Federal Criminal Cases for the District of South Carolina, 2020 Online Edition.

REQUEST NO.: 39

## Count Three: Bank Bribery - Solicitation and Acceptance - Unanimity Required

Count Three of the Indictment charges Mr. Shin with bank bribery and alleges that he asked for or demanded things of value exceeding $1,000.00.

The Government is not required to prove all of the things of value.

However, each of you must agree with each of the other jurors that the thing of value was solicited or demanded by Mr. Shin. The jury need not unanimously agree on each thing of value, but in order to convict, must unanimously upon at least one such thing of value exceeding $1,000.00.

Unless each of you agrees that the Government has proven the same thing of value exceeding $1,000.00 beyond a reasonable doubt, you must find the defendant not guilty of conspiracy to commit the bank bribery charged in Count Two of the Indictment.[30]

---

[30] Adapted from the Model Criminal Jury Instructions of the United States Court of Appeals for the Third Circuit, Revised January 2018.

REQUEST NO.: 40

## Count Four: Theft, Embezzlement or Misapplication by Bank Officer

The defendant is accused in Count Four of committing theft, embezzlement or misapplication of funds.

Count Four reads as follows:

[The Court is respectfully requested to read Count Four of the Indictment to the jury.]

REQUEST NO.: 41

## Count Four: Elements of Theft, Embezzlement or Misappropriation by Bank Officer

In order to find the defendant guilty of this offense, you must find that the Government proved each of the following five elements beyond a reasonable doubt:

First: That Edward Shin was an employee of Noah Bank;

Second: That Noah Bank was a bank whose deposits are insured by the Federal Deposit Insurance Corporation;

Third: That Edward Shin embezzled or willfully misapplied the moneys, funds, assets, securities, or credits belonging to and/or intrusted to the custody or care of Noah Bank;

Fourth: That Edward Shin did so with the intent to injure and defraud the bank; and

Fifth: That the amount embezzled or misapplied was more than $1,000.00.

The term "embezzle" means to knowingly and deliberately take (or convert to one's own use) money or property that belongs to another and came into the embezzler's possession lawfully, by virtue of the embezzler's office or employment.

To "willfully misapply" money or property means to intentionally convert such money or property for one's own use and benefit, or for the use and benefit of another, knowing that one had no right to do so.[31]

---

[31] Adapted from the Model Criminal Jury Instructions of the United States Court of Appeals for the Third Circuit, Revised January 2018.

## REQUEST NO.: 42

### Count Four: Misapplication of Bank Funds - Intent to Defraud Defined

To act with intent to injure or defraud means to act knowingly and with the specific intent to deceive for the purpose of causing some financial or property loss.  In deciding whether Edward Shin had the requisite intent, you should consider what he knew with respect to purported broker commission payments to the loan broker and his alleged receipt of a portion of those payments in return. If you find that Edward Shin knowingly participated in deceptive or fraudulent act(s) which had the natural tendency to injure the bank, you may, but are not required to, find that he acted with intent to injure or defraud the bank.

You may also consider whether Edward Shin acted in reckless disregard of the bank's interests. You may find intent to defraud from acts knowingly done with a reckless disregard for the interests of the bank.

The Government is not required to prove that Edward Shin intended to permanently deprive the bank of its property, or that the bank suffered a loss from the misapplication of funds, or that Edward Shin personally profited by his acts. [32]

---

[32] Adapted from the Model Criminal Jury Instructions of the United States Court of Appeals for the Third Circuit, Revised January 2018.

REQUEST NO.: 43

## Count Four: Theft, Embezzlement or Misapplication by Bank Officer - Unanimity Required

Count Four of the Indictment charges Mr. Shin with theft, embezzlement or misapplication by a bank officer relating to the payment, as well as receipt of portions of broker commissions.

The Government is not required to prove all of the broker commissions or the sharing of the commissions.

However, each of you must agree with each of the other jurors that the same broker commission alleged in Count Four was, in fact, unlawful and/or a portion shared with Mr. Shin. The jury need not unanimously agree on each broker commission, but, in order to convict, must unanimously agree upon at least one such broker commission and/or sharing by the defendant.

Unless each of you agrees that the Government has proven the same unlawful broker commission and/or sharing beyond a reasonable doubt, you must find the defendant not guilty of conspiracy to commit the crime charged in Count Four of the Indictment.[33]

---

[33] Adapted from the Model Criminal Jury Instructions of the United States Court of Appeals for the Third Circuit, Revised January 2018.

REQUEST NO.: 44

## Count Five: Conspiracy to Commit Loan Fraud

The defendant is accused in Count Five of conspiracy to commit loan fraud.

Count Five reads as follows:

[The Court is respectfully requested to read Count Five of the Indictment to the jury.]

REQUEST NO.: 45

## Count Five: Conspiracy to Commit Loan Fraud by False Statements to a Bank or Other Federally Insurance Institution (18 U.S.C. § 1014)

The defendant is charged in Count 5 of the Indictment with conspiracy to make false statements to a federally insured institution Noah Bank, as well as the Small Business Administration for the purpose of influencing Noah Bank and the Small Business Administration in violation of federal law. I have already defined for you in Count One the elements of conspiracy. The conspiracy in Count Five, like the one alleged in Count Two, requires proof of an overt act. I have already defined what proof of an overt act means for you in Count Two and that instruction applies here also.

The alleged conspiracy in Count Five relates to loan fraud. In order for the defendant to be found guilty of that charge, the Government must prove that the conspiracy involved each of the following elements beyond a reasonable doubt:

First, the defendant made a false statement or report to a federally insured institution, Noah Bank, as well as the Small Business Administration.

Second, the defendant made the false statement or report to Noah Bank, as well as the Small Business Administration knowing it was false; and

Third, the defendant did so for the purpose of influencing in any way the actions of Noah Bank, as well as the Small Business Administration.

It is not necessary, however, to prove that Noah Bank or the Small Business Administration was, in fact, influenced or misled. What must be proved

is that the defendant intended to influence Noah Bank and the Small Business

Administration by the false statement.[34]

---

[34] Adapted from the Manual of Model Jury Instructions for the District Courts of the Ninth Circuit, 2010 Edition.

REQUEST NO.: 46

### Count Five: Conspiracy to Commit Loan Fraud - Unanimity Required

Count Five of the Indictment, charges Mr. Shin with conspiracy to commit loan fraud and alleges a number of false statements and reports.

The Government is not required to prove all of the false statements or reports that are alleged.

However, each of you must agree with each of the other jurors that the same false statement or report alleged in Count Five was, in fact, employed by Mr. Shin. The jury need not unanimously agree on each false statement or report, but, in order to convict, must unanimously agree upon on at least one false statement or report that was knowingly used by the defendant.

Unless each of you agrees that the Government has proven the same false statement or report beyond a reasonable doubt, you must find the defendant not guilty of conspiracy to commit the loan fraud charged in Count Five of the Indictment.[35]

---

[35] Adapted from the Model Criminal Jury Instructions of the United States Court of Appeals for the Third Circuit, Revised January 2018.

REQUEST NO.: 47

<u>Venue</u>

In addition to all the elements I have described for you with respect to each separate count in the Indictment, you must also decide whether any act in furtherance of the charged offenses occurred within the Southern District of New York.

The Southern District of New York encompasses the following counties: New York (or Manhattan), the Bronx, Westchester, Sullivan, Orange, Rockland, Putnam, and Dutchess; all of the waters that surround Manhattan, Brooklyn, Staten Island, and Long Island; the air above those waters, and the bridges over those waters. In this regard, the Government need not prove that any crime was committed in this District or that the defendant was present here. It is sufficient to satisfy this element if any act in furtherance of the crime you are considering occurred within this District.

Further, if you find that the crime charged is committed in more than one district, venue is proper in any district in which the crime was begun, continued, or completed. Thus, venue will lie in this district, the Southern District of New York, if you find that any part of the crime took place here, whether or not a particular defendant himself was even in this district. I further instruct you that any action in the Southern District of New York, or any communication into or out of the Southern District of New York, can establish venue so long as the action furthers the conspiracy charged.

If you find that the Government has failed to prove the venue requirement, then you must acquit the defendant.[36]

---

[36] Sand, et al., *Modern Federal Jury Instructions*, Instr. 3-11.  *See* 18 U.S.C. § 3237 (general venue provision for offenses beginning in one district and ending in another, including mail fraud); *United States v. Gonzalez*, 922 F.2d 1044, 1054-55 (2d Cir. 1991) (venue is governed by preponderance standard).

## REQUEST NO.: 48

### Final Instructions

The Government, to prevail, must prove each essential element of the crimes charged beyond a reasonable doubt as to the defendant. I will give you a verdict form to assist you in your deliberations. It contains certain instructions. You must follow those instructions. Please remember that each finding must be unanimous and that before you can find the defendant guilty of any charge, the Government must prove the defendant's guilt beyond a reasonable doubt.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors. That is the very purpose of jury deliberation -- to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence -- if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration with your fellow jurors of the evidence in the case. But you should not hesitate to change an opinion which, after discussion with your fellow jurors, appears erroneous.

However, if, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your position simply because you are outnumbered.

Your final vote must reflect your conscientious conclusion as to how the issues should be decided.

Now that I have charged you as to what the law is, you are about to go into the jury room and begin your deliberations. I am going to have the exhibits that have been admitted into evidence brought to you in the jury room. If you want to review any of the testimony again, we can provide a transcript of the testimony. But please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting portions of the testimony that you may want.

I will also give you a copy of this charge on the law for use during your deliberations. If you feel that you need any of the legal principles clarified during your deliberations, I will be happy to do so.

Your requests for testimony or for additional instructions on the law -- in fact, any communication with the Court -- should be made to me in writing, signed by your foreperson, and given to one of the Court officers. I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person. In any event, do not tell me or anyone else the jury's current vote the issue of any defendant's guilt or not until after a unanimous verdict is reached.

Earlier you were each given a copy of the Indictment. You may use it to read the crimes that the defendant is charged with committing. You are

reminded, however, that the Indictment is merely an accusation and is not to be used by you as any proof of the conduct charged.

I also want to remind you that, as I instructed you in my preliminary instructions, the notes that you have taken throughout the trial are not evidence. If you have taken notes, you may not discuss them with anyone during your deliberations. Your notes may be used solely to assist you and are not to substitute for your recollection of the evidence in the case. The fact that a particular juror has taken notes does not entitle that juror's views to any greater weight than those of any other juror.

In addition, let me remind you that you must not communicate with or provide any information to anyone by any means about this case during deliberations. You may not use any electronic device or media, such as a cell phone, smart phone, iPhone, Blackberry, or computer; the internet or any internet service, or any text or instant messaging service; or any internet chat room, blog, or website, such as Facebook, Instagram, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

At this point, I want to tell you that the first juror called during jury selection will serve as the jury's foreperson. The foreperson will be responsible for signing all communications to the Court on behalf of the jury and for handing them to the court officer during your deliberations. This should not be understood to mean that an individual cannot send the Court a note should the

foreperson refuse to do so.  After you have reached a verdict, your foreperson will advise the court officer outside your door that you are ready to return to the courtroom.

I will stress once again that each of you should be in agreement with the verdict that is announced in court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

The custom and tradition in this Court requires, although I know that it is totally unnecessary, that I admonish you to be polite and respectful toward each other in the course of your discussions in the jury room, so that each juror will have his or her position made clear and so that when you reach a verdict you will know that it is a just one.

Finally, let me state that your oath sums up your duty, and that is: without fear or favor to anyone, you will well and truly try the issues between the Government and the defendant, based solely upon the evidence and this Court's instructions as to the law.[37]

---

[37] Adapted from the charge of the Honorable Naomi Reice Buchwald, U.S.D.J. in *United States v. Sean Peter, et al.*, 17-cr-054.

Respectfully Submitted,

/s/ Paul B. Brickfield

Paul B. Brickfield, Esq.
Brickfield & Donahue
70 Grand Avenue, Suite 100
River Edge, NJ 07661
(201) 488-7707

/s/ Robert J. Basil

Robert J. Basil, Esq.
The Basil Law Group, P.C.
32 East 31st Street, 9th Floor
New York, NY 10016
(917) 994-9973

*Counsel for Defendant Edward Shin*

Dated:        December 8, 2020