

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 8, 2020

BY ECF

Honorable Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    United States v. Edward Shin,
               S1 19 Cr. 552 (GHW)

Dear Judge Woods:

      The Government and the defendant Edward Shin jointly and respectfully propose the following overview of the applicable law, to be read to the jury as part of the Court's initial instructions prior to opening statements:

      The defendant Edward Shin is charged in a five-count indictment with violations of federal criminal law relating to the issuance of bank loans. Mr. Shin is presumed to be innocent under the laws of the United States. This presumption of innocence carries with him throughout the entirety of the proceedings, including throughout the trial. The burden of proof lays with the Government and the Government must prove to each and every juror beyond a reasonable doubt the guilt of Mr. Shin on any or all of the charges. The fact that Mr. Shin was indicted does not mean he is guilty of any of these charges.

      The Indictment contains five counts or "charges."

      Count One alleges that from at least in or about 2009, through at least in or about 2013, the defendant conspired, or agreed with others, to violate one or both of the federal statutes that make it unlawful to commit bank fraud, and wire fraud affecting a financial institution. In particular, the Indictment alleges that the defendant conspired to commit bank fraud by fraudulently causing a bank insured by the Federal Deposit Insurance Corporation—in this case, Noah Bank—to issue loans by providing the bank with false and misleading information, and omitting information, regarding the financial circumstances of the borrowers applying for the loans, and the defendant's own personal interests in the extension of loans. Count One also alleges that the defendant conspired to commit wire fraud affecting a financial institution by fraudulently causing Noah Bank to issue, and the SBA to guarantee, loans by providing false and misleading information about the loans, thereby subjecting Noah Bank to the loss and potential loss of the SBA's loan guarantees.

Count Two alleges that from at least in or about 2009, through at least in or about 2013, the defendant conspired, or agreed with others, to violate the federal statute that makes it unlawful to participate in bank bribery.

Count Three alleges that during this same time period, the defendant in fact participated in substantive bank bribery. In particular, the Indictment charges that defendant, while acting as CEO of Noah Bank, secretly solicited and accepted payments in connection with the extension of SBA and commercial loans by Noah Bank, intending to be influenced and rewarded in connection with the business and transactions of Noah Bank.

Count Four alleges that from at least in or about 2009, through at least in or about 2013, the defendant violated the federal statute that makes it unlawful for a bank officer to commit theft, embezzlement, or misapplication of funds of the bank, and funds that are entrusted to the custody and care of the bank or of the officer. Specifically, Count Four alleges that the defendant, while acting as the CEO of Noah Bank, caused Noah Bank to issue purported broker commission payments to a co-conspirator, including in cases where the co-conspirator had not earned such payments, and secretly directed the co-conspirator to share a portion of those payments with the defendant, with the intent to injure or defraud Noah Bank.

Count Five alleges that from at least in or about 2009, through at least in or about 2013, the defendant conspired, or agreed with others, to commit loan fraud, that is, he agreed with others to make false statements and reports regarding applications, commitments, loans, and applications for guarantees, for the purpose of influencing the actions of Noah Bank and the actions of the SBA in connection with the Small Business Investment Act of 1958.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

By: _____/s/_____
Tara LaMorte / Anden Chow
Assistant United States Attorneys
(212) 637-1041 / 2348