PAUL B. BRICKFIELD*†
pbrickfield@brickdonlaw.com

JOSEPH R. DONAHUE*
jdonahue@brickdonlaw.com

of counsel
NANCY J. SCAPPATICCI
nscappaticci@brickdonlaw.com

SANDRA COIRA
scoira@brickdonlaw.com

*CERTIFIED CRIMINAL TRIAL LAWYER - NEW JERSEY
† MEMBER OF NEW YORK BAR



**BRICKFIELD & DONAHUE**
ATTORNEYS
70 GRAND AVENUE
RIVER EDGE, NEW JERSEY 07661
TELEPHONE (201) 488-7707
FACSIMILE (201) 488-9559
www.brickdonlaw.com

NEW YORK OFFICE
PAUL B. BRICKFIELD P.C.
219 WESTCHESTER AVENUE
SUITE 200
PORT CHESTER, N.Y. 10573
(914) 935-9705

November 18, 2021

**Via ECF Only**
Honorable John P. Cronan, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

    Re:    United States v. Edward Shin
             Case No.: 1:19-cr-00552-JPC

Dear Judge Cronan:

    I represent Edward Shin in the above-referenced matter. Please accept this letter as a motion *in limine* on two issues, one of which the parties may be able to resolve.

    1.    As the Court may recall, Judge Woods permitted the United States to use as direct evidence allegations concerning a $113,313.74 check that was deposited in one of J.K.'s company accounts. J.K. will apparently testify that he disbursed the funds indirectly to Mr. Shin. Judge Woods did agree to potentially revisit this issue once trial began. As noted at our last conference, I am requesting that Your Honor revisit this issue once testimony is underway. Of particular concern to us is that the $113,313.74 check is larger than any other alleged commission kickback payment, is not part of the charged conduct and has the potential to overwhelm the case through unfair prejudice. It bears repeating in this regard that J.K. has acknowledged, according to the Jencks material, that he does not know the source or meaning of this check.

    In light of the above, I have requested the Government not reference this check and its disbursements in their opening statement. It appears the Government is planning on opening on this item over our objection. My concern is the potential for a mistrial in the event the Court ultimately agrees to not allow this testimony into evidence.

1

2.      The Government has produced in discovery a number of reports from the United States Small Business Administration concerning civil violations of Small Business Administration rules and regulations and their decision to cancel the Small Business Administration guarantee on certain loans that are contained within the indictment. Along the same line, discovery from the United States indicates that there are various consent decrees and orders relating to Noah Bank's Small Business Administration program participation. We respectfully submit that these findings and orders should not be admissible as evidence in a criminal trial. There is a substantial risk that a jury would improperly consider a civil violation of a Small Business Administration regulation as a violation of federal criminal law. I have conferenced with the Government and they have indicated that they plan on introducing some of Mr. Shin's statements to the regulatory authorities, but have not yet decided as to what regulatory findings it may seek to admit. We are planning on further conferences once the Government's exhibits are provided to me.

Respectfully submitted,

/s/ Paul B. Brickfield

Paul B. Brickfield

cc:    Robert Basil, Esq. (via ECF only)
       Assistant U.S. Attorney Tara LaMorte (via ECF only)
       Assistant U.S. Attorney Anden Chow (via ECF only)
       Assistant U.S. Attorney Jessica Greenwood (via ECF only)