Case 1:19-cr-00552-JPC   Document 137   Filed 11/24/21   Page 1 of 2



*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 24, 2021

**BY ECF**

The Honorable John P. Cronan
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

  Re: *United States v. Shin*, 19 Cr. 552 (JPC)

Dear Judge Cronan:

  In brief response to the defendant's letter, the Government respectfully submits the following.

  As detailed at the conference yesterday, the materials produced by the Government over the last month consist almost entirely of materials that were previously known or available to the defendant, including litigation materials in which he is a named party, and publicly available copies of Small Business Administration standard operating procedures ("SOP").  Beginning with the litigation materials in which Shin is a named party, and the SOPs, these materials were produced by the Government in an abundance of caution, in the absence of any discovery obligations, and simply as a courtesy in advance of the exchange of printed exhibits.  Further, the defense has been aware of the SOP provisions at issue in this case since the filing of the Government's first Indictment, which describes the relevant portions of the SOP.  (S1 Indictment ¶¶ 3-4, Dec. 2019, Dkt. No. 26).  The defendant has had more than ample time to prepare any legal or factual arguments he may have had based on the litigation documents and the SOPs.  The Government's act of downloading and producing copies of those documents to the defendant did not create any basis to adjourn the trial date.

  As to the emails and bank records that were produced recently, the Government notes the following.  First, as referenced yesterday, the emails from Relative-1 were produced to the defense shortly after the Government received them.  The first set of 56 emails was produced on November 15, 2021.  Another 13 emails were produced on November 22, 2021.  Notably, the defendant sent or received each of these 69 emails.  Accordingly, the defendant himself is best positioned to know these materials and, even prior to their production by Relative-1 and the Government, knew or should have known of their contents and any potential defense based on them.  The burden or prejudice of reviewing 69 emails, all containing the defendant, simply does not warrant an adjournment of greater than a week.  Further, as explained yesterday, the total volume of pages repeatedly cited by the defense greatly overestimates the burden of reviewing these materials.  The page length is driven almost entirely by repetitive Excel attachments that, when converted to printable form, are lengthy.  Those Excel spreadsheets are also largely duplicative as they contain the same data month-over-month with the addition of a new tab each month.

As to the bank account records produced on November 22, 2021, the Government is hard pressed to understand any prejudice from the need to review these materials that would not be cured by a week-long adjournment. The bank account at issue was controlled by Relative-1, such that they may form the basis for cross-examination of Relative-1. However, the Government cannot conceive of how—as suggested by the defense yesterday—the recent production of routine bank records from a single bank account could require more than a brief time to review. A one-week adjournment is more than sufficient.

Although the Government is sympathetic to the unavailability of the defendant's chosen jury consultant on December 6, there is no prejudice in requiring the defense to select a new jury consultant to serve in the following week. This is not a case in which we are mid-jury selection such that this particular jury consultant must remain on the case. And certainly her personal unavailability does not warrant a four-month or longer adjournment when another trial date is otherwise available. However, in an attempt to accommodate her schedule, the Government proposes selecting a jury on either November 29 (our original trial date) or December 1 (an alternative date proposed yesterday by the Court) with trial to begin on December 6. Indeed, this plan would allow us to begin trial immediately the morning of December 6.

Finally, the defense rightly notes that the Government has strengthened its case in the leadup to trial, including by adding additional witnesses. However, as the Government made expressly clear yesterday, the Government has also decided not to call certain witnesses at trial that it had previously intended to call. By and large, the Government's anticipates that the testimony from its newly added witnesses will be brief, while the witnesses it has chosen not to call were expected to testify for much longer. As a result, the Government does not believe that, despite the addition of witnesses, its case-in-chief will be longer than previously estimated.

For all the foregoing reasons, the Government submits that a one-week adjournment to December 6, 2021 is more than sufficient to allow the defense to adequately prepare for trial.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

By:   /s/
      Anden Chow
      Tara LaMorte
      Jessica Greenwood
      Assistant United States Attorneys
      212-637-2348/1041/1090

cc: Counsel of Record (by ECF)