

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

<i>The Silvio J. Mollo Building<br>One Saint Andrew's Plaza<br>New York, New York 10007</i>

May 1, 2022

**BY ECF**

The Honorable John P. Cronan
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Shin*, 19 Cr. 552 (JPC)

Dear Judge Cronan:

    The Government writes respectfully to respond to the defendant's April 29, 2022 letter further objecting to the admission of documents marked Government Exhibits 204, 205, and 436. (Dkt. No. 175). The defendant's arguments should be rejected as each exhibit has significant probative value on a contested issue and the risk of unfair prejudice is low or can be cured with a limiting instruction.

    I.    *Exhibits 204 and 205*

    As set forth in the Government's prior letter, dated April 24, 2022, the Government has made clear that it seeks to offer Exhibits 204 and 205 specifically on the issue of materiality—to establish the alleged misrepresentations and nondisclosures fall into categories of information that the SBA reasonably considers important. The defense has stated that they contest the issue of materiality. (*See e.g.*, Trial Tr. 13 ("THE COURT: I assume the government is correct that you're challenging materiality? MR. BRICKFIELD: Yes, your Honor."); 14 ("By way of example, one of the broker fees is $1,500. A jury may disagree that's material on a loan say of $1 million. They might say it's not material.")). And now they seek to cabin the manner in which the Government proves materiality. Dkt. No. 175 at 4 (setting forth that the Government should be limited to testimony from the SBA to establish materiality). Not only is the defense not entitled to instruct the Government on how it should prove its case, but the defense's argument misses the mark.

    The defense argues that Exhibits 204 and 205 are unfairly prejudicial because they invite the jury to conclude that because the SBA has stated that certain loans were issued in violation of SBA rules, the defendant is automatically guilty of the crimes with which he has been charged. To be clear, the Government has proposed redacting names of the borrowers and details of the loans in order to detach the categories of findings from the specific loans. Thus, the proposed redactions focus the jury's attention on the intended purpose of the exhibits: whether or not the alleged misrepresentations and nondisclosures were in fact important to the SBA. The

Government does not seek to tie any findings to any particular loans; rather the unredacted statements are tailored to the specific types of *issues* that the SBA finds important.[1]

Nor has the defense identified how unfair prejudice will result from each of the specific unredacted portions of the exhibits. In its letter, the defense cites the contents of both letters but, for example, fails to explain how the SBA's assertion that it was improper to issue a loan where J.K. was both a seller and broker is prejudicial to the defendant. The SBA does not assert that the basis for demanding repayment is that the defendant had an interest in any company involved in the loan. Rather, the assertion demonstrates that the SBA considers important any conflict of interest.

## II. Exhibit 436

The Government rests on the arguments previously made in its April 24, 2022, letter but respectfully highlights one argument that the defense completely fails to address: the fact that Exhibit 436 is the defendant's own e-mail suggesting what should be done about the report. The jury will have no context for the defendant's own statement if the report is not included.[2]

* * *

For these reasons, the Government respectfully submits that each of Government Exhibits 204, 205, and 436 should be admitted at trial.

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

By:  /s/
Tara La Morte
Anden Chow
Jessica Greenwood
Assistant United States Attorneys
212-637-2348/1041/1090

cc: Counsel of Record (by ECF)

---

[1] For this reason, the defense's objection to the issues raised by the other three loans pertaining to OK Lee Corp., Hudson Produce and California Farmer's is similarly misguided. The import of the letters is not that the SBA made findings with respect to particular loans, but rather the SBA made clear what sorts of issues it considered important more generally. In objecting to the findings pertaining to these three loans, it is the defense, not the Government, that is trying to tie specific findings to specific loans, and then arguing about the prejudice associated with this straw man argument.

[2] The defense also seemingly argues that the Government's proposed redactions will leave the jury with the misimpression that the failure to disclose referral fees was the only cause of the special mention. The Government would be willing to leave more unredacted, but this solution would may confuse the jury even more by bringing in extraneous issues.