

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 22, 2022

**BY ECF & EMAIL**

The Honorable John P. Cronan
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Shin*, 19 Cr. 552 (JPC)

Dear Judge Cronan:

    The Government writes respectfully concerning the several proposed requests to charge, as discussed during the May 19, 2022, charging conference.

    *First*, the Government does not object to the defendant's proposed instruction concerning a witness's previous conviction of federal tax crimes, as set forth in his letter dated May 20, 2022. However, the Government respectfully requests that the witness for whom the proposed instruction is intended be identified by name in the instruction (*i.e.* Dok Su Yi), so as to avoid juror confusion, especially in light of the extensive cross-examination of James Kim on tax-related issues.

    *Second*, the Government respectfully proposes that the Court add the following language introducing the cooperation and non-prosecution agreements (page 49 of the Court's proposed Jury Charge):

You have heard from witnesses who testified that they committed crimes.

One of them, James Kim, testified that he pled guilty to criminal charges pursuant to a cooperation agreement with the Government. A copy of the agreement is in evidence and you may consider its provisions in evaluating his credibility.

You have also heard the testimony of two witnesses, Marie Lee and Bum Tak Lee, both of whom testified pursuant to non-prosecution agreements with the Government. What this means is that the Government has agreed not to prosecute the witnesses for certain crimes specified in the agreements, to the extent the witnesses disclosed their crimes to the Government, and not to use the testimony of the witnesses against the witnesses in a criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the terms of the non-prosecution agreement.

Let me say a few things that you should consider during your deliberations of the testimony of these witnesses.

*Third*, the Government respectfully requests that the Court slightly revise the proposed instruction given in Count Six, which the Government had proposed at the Court's request, and which is intended to describe how Count Six compares to Count One. In particular, the Government requests that the language be slightly modified to read that "the defendant caused Noah Bank to issue loan broker commission payments to a co-conspirator where the co-conspirator had not performed such loan broker work."

*Fourth*, as to the proposed instruction concerning participation in a conspiracy to commit wire fraud affecting a financial institution, specifically, "Use of the Wires" (page 24 of the Court's proposed Jury Charge), the Government maintains that the actual use of wires is not an element of the crime, as the count is a conspiracy count, and thus no specific unanimity instruction is required. *See United States v. Mennuti*, 679 F.2d 1032, 1034 n.4 (2d Cir. 1982) ("We agree with the district court that actual use of the mails is not an essential element of conspiracy to commit mail fraud.").

To further elaborate, under the framework set forth in *Richardson v. United States*, 526 U.S. 813, 817 (1999), which discusses "elements" of an offense, for which unanimity is required, versus the "brute facts" that comprise elements of an offense, for which unanimity is not required, the identity of a specific wire in a conspiracy context is plainly a "brute fact" or "means" for which unanimity is *not* required, rather than an element for which unanimity would be required. In particular, where a defendant is charged with separate means of violating the same statutory prohibition, a general verdict of guilt typically is appropriate, without any need for the jury to be unanimous as to which means was proved. *See id.* ("[A] federal jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element, say, which of several possible means the defendant used to commit an element of the crime."). By way of analogy, in *United States v. D'Amelio*, 683 F.3d 412 (2d Cir. 2012), the Government's indictment charged the defendant with attempted enticement of a minor for purposes of engaging in sexual activity, in violation of 18 U.S.C. § 2422(b). While the indictment's *to wit* clause charged the defendant with using a computer and the Internet to attempt to seduce the minor, the jury instructions permitted the jury to convict based on the defendant's use of either the telephone or the Internet. In rejecting the defendant's Fifth Amendment "constructive amendment" challenge, the Second Circuit explained that the "essential elements of the enticement crime involved communications conveyed by facilities of interstate commerce, not the specific interstate commerce facilities used to achieve these communications." *Id.* at 423. In its analysis, the *D'Amelio* court noted that in the context of even a *substantive* wire fraud challenge, "the essential elements of the wire fraud crime involved wire transfers, not specific wire transfers." *Id.* at 423 (citing *United States v. Dupre*, 462 F.3d 131 (2d Cir. 2006)). While *D'Amelio* discusses these concepts in the context of a constructive amendment challenge, rather than a unanimity claim, the Court's reasoning squarely applies here, supporting the position that no specific unanimity instruction of any kind is required in connection with Count One of the Indictment.

Moreover, there are cases in the Second Circuit analogous to *United States v. Broughton*, 689 F.3d 1260, 1277 (11th Cir. 2012), which the Court highlighted at the charging conference. For example, in *United States v. Zichettello*, 208 F.3d 72 (2d Cir. 2000), which, as relevant here, concerned a challenge to the sufficiency of evidence of use of the wires in connection with a substantive wire fraud count, the Second Circuit held that "[t]o sustain the conviction . . . the government need prove only knowledge that a co-conspirator would use the wires in an interstate transmission in furtherance of the conspiracy or that such use of the wires was reasonably foreseeable." *Id.* at 105. And again, *Mennuti* clearly establishes that no actual use of the wires is required in a conspiracy context. *Mennuti*, 679 F.2d at 1034 n.4 ("The government presented no

direct evidence that the check was mailed. At the close of the government's case, Mennuti moved to dismiss on the ground that a necessary jurisdictional element to the crime of conspiracy to commit mail fraud was actual use of the mails, and that the government's evidence had failed to prove that element. The district court denied the motion, holding that the government was 'not obliged to prove that the crime of mail fraud was committed, only that there was a conspiracy to do something.' Tr. 259. In its charge, the court instructed the jury 'that the Government (must) prove beyond a reasonable doubt that it was foreseeable that the conspirators' scheme would involve the use of the mails.' Tr. 403. We agree with the district court that actual use of the mails is not an essential element of conspiracy to commit mail fraud.").

Finally, it is worth noting generally that the Second Circuit has "time and again, held that a general charge regarding unanimity is ordinarily sufficient to protect the defendant's right to a unanimous verdict." *United States v. Trupin*, 117 F.3d 678, 687 (2d Cir. 1997); *see also, e.g.*, *United States v. Ferguson*, 676 F.3d 260, 280 (2d Cir. 2011) ("Even assuming that the jury had to agree on the theory of liability, the general unanimity instruction . . . was sufficient to remove any genuine danger that the jury would convict on disparate theories."); *Dupre*, 462 F.3d at 143 ("[W]e have held that as long as the jury receives a standard instruction as to unanimity, it is not reversible error if a trial judge fails to charge the jury that it must be unanimous as to the specific act that serves as the basis for a guilty verdict.").

Accordingly, the Government respectfully submits that no changes should be made to this component of the proposed charge.

\* \* \*

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

By:   /s/
    Tara La Morte
    Anden Chow
    Jessica Greenwood
    Assistant United States Attorneys
    212-637-2348/1041/1090

cc: Counsel of Record (by ECF)