PAUL B. BRICKFIELD*†
pbrickfield@brickdonlaw.com

JOSEPH R. DONAHUE*
jdonahue@brickdonlaw.com

of counsel
NANCY J. SCAPPATICCI
nscappaticci@brickdonlaw.com

SANDRA COIRA
scoira@brickdonlaw.com

*CERTIFIED CRIMINAL TRIAL LAWYER - NEW JERSEY
† MEMBER OF NEW YORK BAR



ATTORNEYS
70 GRAND AVENUE
RIVER EDGE, NEW JERSEY 07661
TELEPHONE (201) 488-7707
FACSIMILE (201) 488-9559
www.brickdonlaw.com

NEW YORK OFFICE
PAUL B. BRICKFIELD P.C.
219 WESTCHESTER AVENUE
SUITE 200
PORT CHESTER, N.Y. 10573
(914) 935-9705

May 23, 2022

**Via ECF Only**
Honorable John P. Cronan, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

      Re:    **United States v. Edward Shin**
              **Case No.: 1:19-cr-00552-JPC**

Dear Judge Cronan:

      I represent Edward Shin in the above-referenced matter. Please find enclosed a proposed jury instruction relating to a witness with a prior felony conviction along with the Third Circuit pattern instruction from which I derived the proposed instruction. I am requesting that the instruction be inserted after the section relating to witnesses testifying pursuant to cooperation and non-prosecution agreements.

                        Respectfully submitted,

                        /s/ Paul B. Brickfield

                        Paul B. Brickfield

encs.

cc:     Robert Basil, Esq. (via ECF only w/ encs.)
         Assistant U.S. Attorney Tara LaMorte (via ECF only w/ encs.)
         Assistant U.S. Attorney Anden Chow (via ECF only w/ encs.)
         Assistant U.S. Attorney Jessica Greenwood (via ECF only w/ encs.)

You heard evidence that one witness has previously been convicted of federal felony tax crimes. You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe this witness and how much weight to given to this witness' testimony.

### 2.19   Impeachment of Witness - Prior Conviction (F.R.E. 609)

**You are about to hear evidence that** *(name)* **has previously been convicted of a crime** *(punishable by more than one year in jail)(involving dishonesty or false statement)*. **You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe** *(name)* **and how much weight to give to** *(name)* **'s testimony.**

#### Comment

This instruction is derived from Ninth Circuit § 4.8 and First Circuit § 2.03. For variations, *see* 1A O'Malley et al., supra, § 15.07; Sand et al., supra, 7-12; Fifth Circuit § 1.12; Sixth Circuit § 7.05B; Seventh Circuit § 3.11; Eighth Circuit § 2.18; and Federal Judicial Center § 30.

This instruction should be given when a witness is to be impeached under Rule 609 of the Federal Rules of Evidence with evidence of a prior conviction. This instruction merely directs the jurors to consider the prior conviction in assessing credibility.

Rule 609(a), which governs the admissibility of prior convictions to impeach, provides:

> The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement.[6]

---

[6] Before the Federal Rules of Evidence were restyled, Rule 609(a) provided:
> For the purpose of attacking the character for truthfulness of a witness,
> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and

---

(2) evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

Rule 609 governs the admissibility of prior convictions to impeach. Rule 609(a)(1) permits impeachment of witnesses other than the accused by convictions of crimes punishable by death or imprisonment greater than one year subject only to balancing under Rule 403. Rule 609(a)(2) permits impeachment by conviction of crimes involving false statement or dishonesty; if the crime falls within 609(a)(2), the trial court must admit the prior conviction. *See United States v. Wong*, 703 F.2d 65, 68 (3d Cir.), *cert. denied*, 464 U.S. 842 (1983). Rule 609(a)(2) is interpreted narrowly and does not include crimes such as theft that do not "bear on the witness' propensity to testify truthfully." *See United States v. Johnson*, 388 F.3d 96 (3d Cir. 2004) (quoting from the Conference Committee notes). As amended, the rule precludes inquiry into the manner in which a crime was committed to establish that it was a crime of dishonesty or false statement. Instead, the nature of the crime must be readily determined.

If more than ten years has passed since the date of conviction or release, the prior conviction is not admissible unless the proponent gives written notice and "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect."[7] F.R.E. 609(b).

There is no clear authority requiring this instruction. However, the court should give the instruction if requested. It is not clear whether failure to give the instruction will be plain error if the defendant does not request it. *Graham, Handbook of Federal Evidence* § 609.6 at 227-28 (5th ed. 2001).

---

[7] Before the Federal Rules of Evidence were restyled, Rule 609(b) provided that convictions over ten years old could be admitted if the party provided notice and "the court determines, in the interests of justice, that the probative value of the conviction . . . substantially outweighs its prejudicial effect."