UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>EDWARD SHIN,<br>                    Defendant. | Criminal Action<br><br>Case No.: 1:19-cr-00552-JPC<br><br>**DECLARATION OF<br>ROBERT J. BASIL** |

I, **ROBERT J. BASIL**, the undersigned counsel, of full age, hereby declares pursuant to 28 U.S.C. § 1746 under penalty of perjury as follows:

1. I am an attorney in good standing of the State of New York and have been admitted to practice in this Court continuously since 2003.

2. I am Managing Director of the law firm of The Basil Law Group, P.C. and have more than thirty years of commercial litigation, general counsel, and outside general counsel experience. I am the author of the Sentencing Memorandum contemporaneously submitted with this Declaration. As such, I meticulously checked and rechecked the factual information presented in that document against my personal knowledge (as described in detail below) and the source documents containing those facts. Therefore, I hereby attest to the accuracy of the factual information contained in the Sentencing Memorandum.

3. I was heavily engaged litigation counsel for Noah Bank primarily from 2015 through June 2019, and briefly during earlier periods. During 2016-2019, I was also an advisor to the officers and directors of Noah Bank for non-litigation matters.

4. I represented Mr. Shin personally in various litigated and non-litigated matters during that same period, and have continued to represent him thereafter.

5. During my representation of Noah Bank, Mr. Shin was my primary contact, and he and I spoke or emailed many times each week for the period of four years. We also met in person three to four times each month. Those contacts continued after my firm's relationship with Noah Bank ended shortly after Mr. Shin's arrest.

6. I am fully familiar with the facts stated in this Declaration from my personal knowledge, my personal involvement in the matters reported, and upon review of documentation produced in this matter.

7. I am able to confirm the accuracy of Mr. Shin's background information as presented in Section II of the Sentencing Memorandum. In addition to the sources of information listed above, I have (a) met and otherwise communicated with his wife and his daughters; (b) reviewed Mr. Shin's resume and career highlights in great detail in connection with my earlier representation and this matter; and (c) reviewed his compensation and shareholder history with Noah Bank in great detail in connection with a (recently settled) civil lawsuit Mr. Shin filed against Noah Bank. That civil suit involved issues emanating from Mr. Shin's employment agreement and his Noah Bank stock holdings, among other issues.

8. I represented Mr. Shin in negotiations with the Sands Casino from a gambling debt. Mr. Shin owed over $100,000 from gambling losses incurred over a very short period of time and while intoxicated.

9. I continue to represent Mr. Shin in a personal injury matter pending in the Eastern District of New York. Mr. Shin seeks monetary damages resulting from an accident occurring during 2017. He was accidentally pushed down a long flight of stairs and suffered catastrophic injuries as more fully described in the Sentencing Memorandum.

10. As a result of that representation, I reviewed in detail Mr. Shin's expert and treating doctors' records, hospital records, rehabilitation records, dental records, and chiropractic records, as well as keeping current on Mr. Shin's conditions on an ongoing basis through the date of this Declaration.

11. I can also personally attest from at least weekly observation and discussion with Mr. Shin his experience of severe and incapacitating headaches, memory gaps, reactions to changes in barometric pressure, and body aches over the years since his fall during 2017. He also has continuously experienced unhealthy levels of anxiety and stress since I first came to know him in 2015, conditions that were greatly aggravated by the experience of this prosecution.

12. I can also personally attest to having observed Mr. Shin struggle to overcome, with varying degrees of success, many personal challenges, such as anger management, alcoholism and gambling addiction.

13. In *JKAYC, LLC v. Noah Bank* I was counsel to the plaintiff, a commercial landlord for a building in Bayside, Queens, from the inception of the litigation through

much of the discovery. This litigation is referred to in the Sentencing Memorandum in the context of Noah Bank's request for restitution.

14. Through my representation of JKAYC I became personally familiar with the facts of the case, the positions of the parties, as well as the documentation concerning the history of Noah Bank's failure to open the branch office at issue. I am also familiar with Noah Bank's contemporaneous success in receiving regulatory approval to open the two other branches referred to in Section II B. of the Sentencing Memorandum. I am also familiar with the negotiation and terms of the settlement of that case.

15. Noah Bank sought $996,388.00 in restitution in this criminal matter relating the purported costs of the cancellation of a branch office opening and the costs of settlement. This request by Noah Bank was invalid. Noah Bank caused its own damages by being in breach of the lease with JKAYC by failing to make reasonable efforts to obtain regulatory approval of the branch office in Bayside, Queens in a building owned by JKAYC, LLC. The failure of the branch to open had nothing to do with Mr. Shin's prosecution. Noah Bank's purported reason for including *JKAYC, LLC v. Noah Bank* in its restitution claim is false.

16. The parties entered into a settlement through which JKAYC gave up valuable claims for Noah Bank's breaches in return for being permitted to keep Noah Bank's security deposit and some additional cash. That settlement was unrelated to Mr. Shin's prosecution.

17. I am further familiar with the legal fees Mr. Shin owes to my firm as his trial co-counsel. To date, we have collected none of the fees that are owed to us.

18. I am also familiar with the legal fees The Basil Law Group was owed by Noah Bank on an unrelated matter that is the subject of a recent Appellate Division decision annexed hereto as Exhibit J.

19. Noah Bank sought as restitution $115,818.00 in legal fees expended during litigation in this lawsuit that has nothing to do with any criminal allegations brought against Mr. Shin. This restitution request was invalid. This lawsuit involved a retainer fee dispute between The Basil Law Group and Noah Bank relating to legal services provided in a lawsuit. My firm represented Noah Bank on issues relating to trademarks, patents and unfair business practices. The fees at issue were for past services of The Basil Law Group to Noah Bank, not for Mr. Shin personally. Noah Bank's claim that this civil litigation was commenced to fund Mr. Shin's criminal defense is false.

20. I am also familiar with a recent settlement that took place in Mr. Shin's employment lawsuit filed by my firm against Noah Bank. Through that settlement Noah Bank agreed that it has been fully compensated for any restitution that it claimed in this criminal matter.

21. Noah Bank has been fully compensated for any expenditures that it could legitimately lay claim to in restitution. In the informal-but-binding settlement agreement between Mr. Shin and Noah Bank, the parties' counsel, Noah Bank has agreed that "Noah Bank will waive and release any and all claims that it has against Shin, including any potential claim for 'restitution.'"

22. I was also counsel to Noah Bank in collection matters for several of the twenty-nine matters listed in the "but for" portfolio, including Lee's First Avenue Market and The Garden of Eden, Inc. and in that regard became intimately familiar with those loan files.

23. Due to language limitations I, along with co-counsel, have also assisted Mr. Shin in a letter he wishes to present to the Court as part of this sentencing submission. A true and correct copy of Mr. Shin's letter is annexed hereto as **EXHIBIT 10** following the Character Reference Letters described in Paragraph 26 below.

24. Also, annexed hereto are true and correct copies of the following exhibits referenced in defendant's Sentencing Memorandum dated September 6, 2022:

**EXH** **DESCRIPTION**

A. Photos of Staircase and of Mr. Shin following April 20, 2017 Slip and Fall

B. April 8, 2019 Report of Bd. Certified Neurologist, Dr. Allan Earl Rubenstein, MD

C. *ABA, Report on Behalf of the American Bar Association Criminal Justice Section Task Force on the Reform of Federal Sentencing for Economic Crimes, Final Draft*, (November 10, 2014), http://www.americanbar.org/content/dam/aba/uncategorized/criminaljustice/economic_crimes.authcheckdam.pdf

D. May 17 Trial Tr., Cross-Examination of Michael Reinhart pp1669, ln. 18- 1674 ln. 8.

E. Government Exh 1016

F. Government Exh 1025

G. August 1, 2022 Letter from Noah Bank requesting restitution

H. Excerpt of May 6, 2022 Trial Tr., at page 1269, lines 20 to 24

5

I. Excerpt May 6, 2022 Trial Transcript at p. 1269, lines 20 to 24

J. November 9, 2016 Noah Bank Request to SBA to Honor Guaranty re: Garden of Eden Enterprises, Inc.

K. TBLG v. Noah Bank, New Jersey Appellate Division Docket No. A-2198-20 (June 14, 2022)

L. Complaint, *Shin v. Noah Bank*

M. Tolling and Non-waiver Agreement dated September 25, 2020

N. Defense Chart of Revenue Received by Noah Bank and SBA on the 29-loan portfolio – Mr. Shin's Full Impact Chart

O. Kevin Voigt and Caren Weiner Cambell, *1 in 6 Small Business Administration Loans Fail, Study Finds*, Nerdwallet, (October 3, 2017)

P. June 6, 2022 Report of Dr. Simeon Bardin MD

Q. June 27, 2022 Letter of Dr. Kim

R. Defendant's handwritten letter.

S. August 20, 2022 letter from Dr. S. Steve Park, SORAE International, Inc. re: opportunity to conduct up to 700 hours of community service

T. Daniel S. Nagin, *Deterrence in the Twenty-First Century*, 42 Crime & Just. 199 (2013)

U. Zvi D. Gabbay, *Exploring the Limits of the Restorative Justice Paradigm: Restorative Justice and White-Collar Crime*, 8 Cardozo J. Conflict Resol. 421 (Spring 2007)

V. Newspaper photos depicting the openings two(2) of Noah Bank's branches, the Jericho, New York branch approved and opened in June 2019 and a Fifth Avenue, Manhattan branch approved and opened in December 2019 Photo 1

W. Newspaper photos depicting the openings two(2) of Noah Bank's branches, the Jericho, New York branch approved and opened in June 2019 and a Fifth Avenue, Manhattan branch approved and opened in December 2019 Photo 2

25. Also, annexed hereto are true and correct copies of the following unpublished opinions that do not have a corresponding Westlaw citations and that are referenced in the Sentencing Memorandum:

1. *United States v. Cunniffe*, No. 15-cr-287, Dkt. 265, at 22:23–24 (S.D.N.Y. 2019) (Swain, J.)

2. *United States v. Jacoby*, No. 17- cr-676, Dkt. 19 at 13:3–10 (S.D.N.Y. 2018) (Cote, J.)

3. *United States v. Robert Stewart*, No. 15-cr-287, Dkt. 95 at 30:17–20 (S.D.N.Y. May 18, 2016) (Swain, J.)

26. Annexed hereto are true and correct copies of Character Letters attesting to the defendant's good character and valuable assistance to the community:

1. July 4, 2022 letter of Rev. S. Steve Park, senior pastor of Jubilee Presbyterian Church, West Norriton, PA

2. July 18, 2022 letter of Dr. Sang H. Kim, Kim Chiropractic & Rehab Center

3. Letter of Murray D. Levin, Esq., Levin & Associates

4. August 10, 2022 letter of InHan Lee, D.M.D., Smile Dental

5. August 25, 2022 letter of Wanseob Kong, retired journalist, past Editor-in-Chief and President of the Korean daily newspaper, Joong-"Ang Ilbo

6. August 19, 2022 letter of Sammul ("Sammie") Shin, defendant's daughter

7. August 20, 2022 letter of Taemoon Park, Pastor Emeritus, Seoul Presbyterian Church and Mr. Shin's oldest brother-in-law

8. August 17, 2022 letter of Elliot Shin, MD, Founder and President, Operation H.O.P.E., Inc. and Mr. Shin's youngest brother

    9.   Letter of Yio Kyung ("Joy") Lee, defendant's niece and sister of Bum Tak Lee

Dated: September 7, 2022

By: _____
Robert J. Basil, Esq.
The Basil Law Group, P.C.
125 West 31st Street #19-B
New York NY 10001
(917) 994-9973

*Counsel for Defendant Edward Shin*