

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 20, 2023

**BY ECF**

The Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Edward Shin,* 19 Cr. 552 (JPC)

Dear Judge Cronan:

    The Government respectfully submits this letter-motion for an order directing that the $25,000 cash posted by the defendant to secure his release on bail be applied towards the defendant's outstanding forfeiture judgment, and in partial opposition to defendant Edward Shin's request for exoneration of his bail bond.  In particular, the Government does not object to exoneration of the defendant's $1,000,000 personal recognizance bond; however, the Government objects to returning the $25,000 cash that he posted to secure that bond in connection with his release on bail.  As explained below, on the Government's motion, 28 U.S.C. § 2044 requires that the Court order this cash to be applied towards the defendant's $5,506,550 forfeiture penalty.  Even if the Court concluded otherwise, however, the cash is forfeitable as substitute property pursuant to 21 U.S.C. § 853(p).  To that end, the Government is contemporaneously filing with this letter a separate motion, declaration and proposed order requiring forfeiture of the $25,000 cash as a substitute asset, as well as the statutorily permissible portion of any Government benefits the defendant is receiving or may receive in the future.

## Relevant Background

### A. The Defendant's Arrest and Bail

    Following his arrest in May 2019, the defendant was presented before a Magistrate Judge in this district and, as relevant here, released on bail conditions including a $1,000,000 personal recognizance bond and $25,000 cash security.

### B. The Defendant's Conviction and Sentence

    Following an approximately four-week trial, a jury convicted Shin of all six counts charged in the S3 Indictment, namely: conspiring to commit bank fraud and wire fraud affecting a financial institution; conspiring to commit bank bribery and substantive bank bribery; embezzlement; conspiring to commit loan fraud; and conspiring to commit bank fraud.  The Court sentenced the

January 20, 2023
Page 2

defendant to 14 months' imprisonment and three years of supervised release, and ordered a forfeiture money judgment in the amount of $5,506,550. To date, the defendant has not made any payments towards his forfeiture penalty.

### C. The Defendant's Letter-Motion for Exoneration of Bond

On January 17, 2023, the defendant moved for an order exonerating the $1,000,000 personal recognizance bond signed by the defendant and two others and "ordering the Clerk's Office to return to Mr. Shin the $25,000 cash bail posted by Mr. Shin on June 5, 2019," to secure that bond. (Def. Ltr. dated Jan. 17, 2023, at 1). As noted above, the Government objects to the return of the defendant's cash, and moves for an order applying the $25,000 towards his multi-million dollar forfeiture obligation.

## Discussion

The Court should enter an order denying the defendant's request for the return of the $25,000 cash that he posted in connection with bail and instead applying it towards satisfaction of his forfeiture penalty.

28 U.S.C. § 2044 expressly provides that the Court shall:

> [o]n motion of the United States attorney . . . order any money belonging to and deposited by . . . the defendant . . . for the purposes of a criminal appearance bail bond (trial or appeal) to be held and paid over to the United States attorney to be applied to the payment of any assessment, fine, restitution, or penalty imposed upon the defendant. The court shall not release any money deposited for bond purposes after a plea or verdict of the defendant's guilt has been entered and before sentencing except upon a showing that an assessment, fine, restitution or penalty cannot be imposed for the offense the defendant committed or that the defendant would suffer an undue hardship.

*See United States v. Brummer*, 405 Fed. Appx. 554 (2d Cir. 2011) (quoting 28 U.S.C. § 2044 and affirming district court's denial of motion to exonerate bail bond, instead ordering it to be paid towards restitution obligation); *United States v. Ware*, No. 04 Cr 1224, 05 Cr. 1115 (ER), 2021 WL 3188248 (S.D.N.Y. July 28, 2021); *United States v. Marin*, No. 15 Cr. 252 (PKC), 2018 WL 5282873 (E.D.N.Y. Oct. 24, 2018); *cf. United States v. Watts*, No. 17 Cr. 505 (VLB), 2019 WL 6002404 (S.D.N.Y. Nov. 14, 2019). Here, the Government submits that pursuant to this authority, the Court should apply the $25,000 cash security towards the defendant' forfeiture penalty.

  As previously noted, in the alternative, the Government will seek to forfeit the $25,000 as substitute property of the defendant.  The Government's motion to forfeit substitute property will also be filed today on the public docket.

                Respectfully submitted,

                DAMIAN WILLIAMS
                United States Attorney for the
                Southern District of New York

            By:   /s/
              Tara LaMorte
              Anden Chow
              Jessica Greenwood
              Assistant United States Attorneys
              (212) 637-1041 / 2348 / 1090

cc:  Defense counsel (via ECF)