```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                           :
UNITED STATES OF AMERICA,                                  :
                                                           :
             -v-                                           :        19 Cr. 552 (JPC)
                                                           :
EDWARD SHIN,                                               :        ORDER
                                                           :
                              Defendant.                   :
                                                           :
------------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On May 30, 2019, shortly after his arrest in this case, Defendant Edward Shin posted a $1,000,000 personal recognizance bond secured by a $25,000 cash deposit as a condition of his bail. Dkts. 4-5. Following a multi-week trial, Shin was convicted on May 26, 2022 of (1) conspiracy to commit bank fraud and wire fraud affecting a financial institution, in violation of 18 U.S.C. § 1349; (2) conspiracy to commit bank bribery, in violation of 18 U.S.C. § 371; (3) bank bribery, in violation of 18 U.S.C. §§ 215(a)(2) and 2; (4) theft, embezzlement, or misapplication of bank funds by a bank officer, in violation of 18 U.S.C. § 656; (5) conspiracy to commit loan fraud, in violation of 18 U.S.C. § 371; and (6) conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349. *See* May 26, 2022 Minute Entry; Dkt. 158. On October 7, 2022, this Court sentenced Shin to fourteen months' imprisonment, followed by a three-year term of supervised release, Dkt. 246 at 3, and entered an Order of Forfeiture/Money Judgment in the amount of $5,506,550, representing the amount of proceeds traceable to the offenses of conviction, Dkt. 247. Specifically, the Court determined based on Second Circuit precedent that 18 U.S.C. § 982(a)(2)(A) required forfeiture of the entire amount of each fraudulent loan at issue, totaling $5,245,000, and that Shin had control of $261,050 in fraudulent commissions which were divvied up between him and a co-conspirator. Dkt. 252 at 94:13-95:21.

Shin moved on January 17, 2023 for the exoneration of his $1,000,000 appearance bond and the return of the $25,000 he posted to secure that bond. Dkt. 256. The Government then filed two motions on January 20, 2023: the first, for application of the $25,000 cash bail towards Shin's forfeiture obligation, pursuant to 28 U.S.C. § 2044, Dkt. 258, and the second, for entry of a proposed Preliminary Order of Forfeiture as to Substitute Assets pursuant to 21 U.S.C. § 853(p) with respect to both the $25,000 cash bail and the "portion of any and all future disbursements from the Government to the Defendant, including but not limited to income tax return refunds and Social Security payments, which may be intercepted by the Treasury Offset Program, up to the amount of the outstanding Money Judgment," Dkt. 259 at 4. The Government does not oppose the exoneration of Shin's appearance bond. Dkt. 258 at 1.

Shin opposed the Government's motions on January 24, 2023, Dkt. 261, arguing that 28 U.S.C. § 2044 is inapplicable in this case, Dkt. 261-3 at 5-8, that the Government has not satisfied the requirements for substitute asset forfeiture under 21 U.S.C. § 853, *id.* at 8-10, that the property at issue is jointly owned marital property of Shin and his wife and so is not subject to forfeiture, *id.* at 10-11, and that at any rate the confiscation of the $25,000 would be an excessive fine in violation of the Eighth Amendment, *id.* at 1-4.[1] The Government filed a reply on February 3, 2023. Dkt. 262. In that reply, the Government primarily relies on the substitute asset authority under 21 U.S.C. § 853, but maintains that 28 U.S.C. § 2044 provides a separate and independent basis to apply the $25,000 cash bail to Shin's forfeiture obligation. Because the federal forfeiture statutes provide sufficient legal basis for the relief the Government seeks, the Court does not reach whether 28 U.S.C. § 2044 provides an additional basis in this case.

Pursuant to 18 U.S.C. § 982(a)(2)(A), a sentencing judge "shall order" that a person

---

[1] Shin has not objected to the Government's motion to the extent it seeks to forfeit, as substitute assets, future disbursements from the Government to Shin.

convicted of violating, or conspiring to violate, numerous statutes affecting a financial institution "forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation." All six offenses of conviction fall within the scope of section 982(a)(2)(A). Section 982(b)(1) further provides that "[t]he forfeiture of property under this section, including any seizure and disposition of the property and any related judicial or administrative proceeding, shall be governed by the provisions of [21 U.S.C. § 853] (other than subsection (d) of that section) . . . ." 18 U.S.C. § 982(b)(1). Under 21 U.S.C. § 853(p)(2), "[i]n any case described in any of subparagraphs (A) through (E) of paragraph (1), the court shall order the forfeiture of any other property of the defendant, up to the value of any property described in subparagraphs (A) through (E) of paragraph (1) as applicable." In turn, 21 U.S.C. § 853(p)(1) provides that paragraph 2 "shall apply, if any property described in subsection (a), as a result of any act or omission of the defendant—(A) cannot be located upon the exercise of due diligence . . . ."

The statutory requirements for forfeiture of substitute assets are satisfied here. The Court previously found in the Order of Forfeiture that "as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One through Six of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence." Dkt. 247 at 2. In addition, in support of its motion, the Government has submitted a declaration from Deputy United States Marshal John Calabria. Dkt. 259-1. In that declaration, Deputy Marshal Calabria attests that, among other things, he has "conducted an investigation into any assets of the defendant's that constitute proceeds of the offense or that may be available as substitute assets," which has entailed "conduct[ing] asset searches utilizing the CLEAR law enforcement database," and his searches have "yielded negative results." *Id.* ¶ 16. Shin has not challenged Deputy Marshal Calabria's assertion. And contrary to Shin's arguments, Dkt. 261-3 at

10, the Court also found that the forfeiture amount of $5,506,550 represents "the amount of proceeds traceable to the offenses charged in Counts One through Six of the Indictment that the Defendant personally obtained," Dkt. 247 at 2-3.

As for Shin's arguments that third parties, including his wife and attorneys, have interests in the substitute forfeiture property, Dkt. 261-3 at 7-8, 10-11, the instant motion is not the proper time for presenting such arguments.  Title 21, United States Code, Section 853(n) requires the Government to "publish notice of the order and its intent to dispose of such property" and further allows the Government to "to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property" so that such a person may "petition the court for a hearing to adjudicate the validity of his alleged interest in the property."  Such a hearing is the sole means for a third party to contest the forfeiture of Shin's assets following the Court's Order of Forfeiture.  *See DSI Assocs. LLC v. U.S.*, 496 F.3d 175, 183 (2d Cir. 2007) ("It is well established that third parties may not intervene during criminal forfeiture proceedings to assert their interests in the property being forfeited. . . .  It is similarly well settled that section 853(n) provides the exclusive means by which a third party may lay claim to forfeited assets—after the preliminary forfeiture order has been entered.").  As the Government represents in its briefing, upon entry of the proposed Order of Forfeiture as to Substitute Assets, the Government intends to "provide notice to all third parties known to the Government to have a potential interest in the Substitute Asset— which would include the defendant's wife and counsel."  Dkt. 262 at 6.

That leaves Shin's argument that forfeiture of the $25,000 would constitute an excessive fine.[2]  As a threshold matter, forfeiture was imposed as "part of the defendant's sentence and must

---

[2] Shin does not challenge his full forfeiture obligation as an excessive fine, only the forfeiture of his $25,000 cash deposit.  *See* Dkt. 261-3 at 4 ("Whether the October 7, 2022 forfeiture order of this Court was or was not an Excessive Fine when entered is not at issue in this brief.  It is the subsequent attempt of the Government to take Mr. Shin's only asset at a time that he has no likelihood of current or future income that is the issue addressed here.").

be challenged on direct appeal or not at all.'" *United States v. White*, No. 17 Civ. 431 (RMB), 2021 WL 3038670, at *4 (S.D.N.Y. July 19, 2021) (quoting *United States v. Noyes*, 557 F. App'x 125, 127 (3d Cir. 2014)).  But even considering the merits, Shin's argument fails.

"A criminal forfeiture is unconstitutionally excessive if 'it is grossly disproportional to the gravity of the defendant's offense.'" *United States v. George*, 779 F.3d 113, 122 (2d Cir. 2015) (quoting *United States v. Bajakajian*, 524 U.S. 321, 334 (1998)).  In its proportionality analysis, the Court considers "(1) the essence of the crime of the defendant and its relation to other criminal activity, (2) whether the defendant fits into the class of persons for whom the statute was principally designed, (3) the maximum sentence and fine that could have been imposed, and (4) the nature of the harm caused by the defendant's conduct." *Id.* (quoting *United States v. Castello*, 611 F.3d 116, 120 (2d Cir. 2010)).  Following the Second Circuit's decision in *United States v. Viloski*, courts may also consider "whether the forfeiture would deprive the defendant of his future ability to earn a living."  814 F.3d 104, 107 (2d Cir. 2016).

As the Court previously summarized in denying Shin's motion for a new trial, "[t]he Government's evidence at trial established that, from around 2009 to 2013, Shin caused Noah Bank to issue loans guaranteed by the Small Business Administration ('SBA') to companies that Shin had a secret financial interest in, to issue SBA-guaranteed loans to borrowers with insufficient equity injections in their businesses, and to pay fees to brokers who gave Shin a secret kickback." *United States v. Shin*, No. 19 Cr. 552 (JPC), 2022 WL 3274120, at *1 (S.D.N.Y. Aug. 11, 2022). Shin does not argue that he fails to "fit into the class of persons for whom the statute[s] [were] principally designed." *George*, 779 F.3d at 122.  The maximum sentence that could have been imposed in this case was 130 years, thirty years each for violations of Counts 1, 3, 4, and 6 and five years each for Counts 2 and 5.  *See* 18 U.S.C. §§ 215(a)(2), 371, 656, 1349.  The maximum fine was at least $4,500,000, which includes at least $1,000,000 each for Counts 1, 3, 4, and 6, and

5

at least $250,000 each for Counts 2 and 5. *See* 18 U.S.C. §§ 215(a)(2), 656, 1349, 3571(b). At sentencing, the Court calculated an advisory range under the U.S. Sentencing Guidelines of 70 to 87 months' imprisonment. Dkt. 254 at 58:2-6. And with respect to the harm caused by Shin, the Court determined at sentencing that Shin's conduct put Noah Bank at "significant financial risk" *id*. at 59:9-10, and that he "stole money from Noah Bank" *id*. at 60:4, 12-13, at least in part in the form of unearned commissions paid to a co-conspirator, who then kicked back part of those commissions to Shin, *id.* 86:19-87:6. The Court further explained that, "motivated by greed," "Mr. Shin himself directly profited in this scheme. The kickback scheme resulted in hundreds of thousands of dollars illegally going to [the co-conspirator] and to him, and [the crime also entailed] allow[ing] businesses that Mr. Shin had a financial interest in to receive large loans, with, of course, the hope that those businesses would later turn a profit." *Id.* 87:4-12. Finally, while the Court may consider as part of the excessive fine analysis whether imposition of forfeiture would deprive Shin of his future ability to earn a living, Shin has made no showing that forfeiture of his $25,000 cash deposit would have such effect. He claims only that he has "no likelihood of current or future income." Dkt. 261-3 at 4. Therefore, weighing all these factors together, the Court determines that forfeiture of the $25,000 cash deposit is not "grossly disproportional" to Shin's offense and so is not unconstitutionally excessive. *See also United States v. Patterson*, Nos. 21-1678-cr (L), 21-1708-cr (Con), 21-2214-cr (Con), 21-2466-cr (XAP), 2022 WL 17825627, at *6 (2d Cir. Dec. 21, 2022) ("[O]ur precedents suggest that a forfeiture amount is not necessarily grossly disproportionate where it equals the proceeds of the illegal scheme, even if it significantly exceeds the maximum statutory fine.").

Therefore, the Court will enter the Government's proposed Preliminary Order of Forfeiture as to Substitute Assets. The Court also orders that the Clerk of Court exonerate Shin's $1,000,000 appearance bond. The Clerk of Court is respectfully directed to close the motions pending at Docket Numbers 256, 258, and 259.

    SO ORDERED.

Dated: February 24, 2023
       New York, New York

                                            JOHN P. CRONAN
                                            United States District Judge