```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                 :
UNITED STATES OF AMERICA                                         :
                                                                 :   **PRELIMINARY ORDER OF**
          - v. -                                                     **FORFEITURE AS TO**
                                                                 :   **SUBSTITUTE ASSETS**
EDWARD SHIN,                                                     :
          a/k/a "Eungsoo Shin,"                                      S3 19 Cr. 552 (JPC)
                                                                 :
                              Defendant.                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

WHEREAS, on or about March 8, 2022, the Defendant was charged in a six-count Superseding Indictment, S3 19 Cr. 552 (JPC) (the "Indictment"), with conspiracy to commit bank fraud and wire fraud affecting a financial institution, in violation of Title 18, United States Code, Section 1349 (Count One); conspiracy to commit bank bribery, in violation of Title 18, United States Code, Section 371 (Count Two); bank bribery, in violation of Title 18, United States Code, Sections 215(a)(2) and 2 (Count Three); theft, embezzlement, or misapplication by a bank officer, in violation of Title 18, United States Code, Section 656 (Count Four); conspiracy to commit loan fraud, in violation of Title 18, United States Code, Section 371 (Count Five); and conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349 (Count Six);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Six of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), of any and all property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the commission of the offenses charged in Counts One through Six of the Indictment, including but not limited to a sum of money in United

1

States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One through Six of the Indictment;

WHEREAS, the Indictment also included a substitute asset provision providing notice that if as a result of the Defendant's actions or omissions forfeitable property was unable to be located or obtained, transferred or sold to a third party person, placed beyond the jurisdiction of the Court, substantially diminished in value or commingled with other property which cannot be subdivided without difficulty, the United States would seek, pursuant to Title 21, United States Code, Section 853(p), the forfeiture of any other property of the Defendant;

WHEREAS, on or about May 25, 2022, the Defendant was found guilty, following a jury trial, to Counts One through Six of the Indictment;

WHEREAS, on or about October 7, 2022, the Defendant was sentenced and ordered to forfeit $5,506,550 in United States currency, representing the proceeds obtained as a result of the offenses charged in Counts One through Six of the Indictment;

WHEREAS, on or about October 7, 2022, the Court entered an Order of Forfeiture/Money Judgement (the "Order of Forfeiture") imposing a $5,506,550 money judgment against the Defendant (the "Money Judgment");

WHEREAS, to date the entire Money Judgment against the Defendant remains unpaid;

WHEREAS, as a result of acts and omissions of the Defendant, the Government, despite its exercise of due diligence, has been unable to locate or obtain the proceeds of the offense of the Defendant's conviction; and

WHEREAS, the Government has identified the following specific assets in which the Defendant has an ownership interest:

    a. The portion of any and all future disbursements from the Government to the defendant, including but not limited to income tax return refunds and Social Security payments, which may be intercepted by the Treasury Offset Program,[1] up to the amount of the outstanding Money Judgment; and

    b. $25,000 in United States currency personally posted by the Defendant in this criminal matter on or about May 30, 2019 and currently on deposit with the Clerk of Court (receipt numbers 465401236792 and 465401236793)

(collectively, the "Substitute Assets").

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. All of the Defendant's right, title and interest in the Substitute Assets is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2. Upon entry of a Final Order of Forfeiture, the Substitute Assets shall be applied towards the Money Judgment entered against the defendant.

3. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet

---

[1] Pursuant to 31 U.S.C. §§ 3701(d) and 3716(h), during a twelve month period a total amount of $9,000 in Social Security payments is exempted from TOP. Accordingly, TOP will never offset a monthly Social Security Payment that is equal or less than $750.00. Additionally, the amount taken by TOP from a monthly Social Security payment will be 15% of the total payment or the amount of the payment that exceeds $750.00, whichever is less.

forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the defendant in this case, claiming an interest in the Substitute Assets must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

4. The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Assets, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Assets and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

5. The United States may also, to the extent practicable, provide direct written notice to any person, other than the Defendant, known to have an alleged interest in the Substitute Assets, as a substitute for published notice as to those persons so notified.

6. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Assets, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

7. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated: New York, New York
     February 24    , 2023

SO ORDERED:

_____
HONORABLE JOHN P. CRONAN
UNITED STATES DISTRICT JUDGE